## DUMAS v. TYUS et al.

GILBERT, J. 1. Where a creditor of a mortgagor, whether his debt be in judgment or not, desires to contest the validity or fairness of the mortgage lien claimed by another creditor, adequate remedy is afforded by affidavit of illegality under section 3304 of the Civil Code of 1910. The provisions of this section "apply as well to mortgages upon real property as to mortgages upon personal property." Civil Code (1910), § 3283.

2. Where the petitioner is a person other than the vendor, or other than the holder or assignee of the purchase-money or secured debt, and has a judgment against a defendant in fi. fa., who does not hold legal title to the property, but has an interest or equity therein, such plaintiff in fi. fa. may take up the debt necessary to be paid by the defendant in order to give such defendant legal title to the property, by paying such debt with interest to date, if due, and interest to maturity if not due, and then make a conveyance to the defendant in fi. fa., and having the same filed and recorded; whereupon the property may be levied on and sold as the property of the defendant. Civil Code (1910), § 6038.

3. The petition in the instant case alleges the existence of a secured debt, the lien of which is superior to that of the plaintiff, but does not allege a tender to such lienholder of the amount of said debt, and that the tender had been refused, as provided in the code section 6038; and no facts being alleged showing that the remedies indicated would not be full and complete, it was error to overrule the demurrer to the petition for injunction and receiver. *Gatewood* v. *City Bank of Macon*, 49 *Ga.* 45; *Swift* v. *Lucas*, 92 *Ga.* 796 (19 S. E. 758); *Parker* v. *Barnesville Savings Bank*, 107 *Ga.* 650 (34 S. E. 365); *Virginia-Carolina Chemical Co.* v. *Rylee*, 139 *Ga.* 669, 675 (78 S. E. 27); *Shumate* v. *McLendon*, 120 *Ga.* 396, 401 (48 S. E. 10).

Judgment reversed. *All the Justices concur, except Fish, C. J., and Beck, P. J., absent.*

No. 128. OCTOBER 17, 1917.

Equitable petition. Before Judge Searcy. Pike superior court. January 6, 1917.

*H. W. Nalley,* for plaintiff in error. *C. J. Lester,* contra.