## COWAN et al. v. NICHOLSON.

1. An equitable petition is not multifarious because all of the defendants are not interested in all of the matters contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others. All persons who are directly or consequentially interested in the event of the suit are properly made parties to a petition in equity, so as to prevent a multiplicity of suits by or against parties at once or successively affected by the original case.
2. Where an insolvent judgment debtor conveyed his property by deeds to various parties, and these deeds were attacked in one suit on the ground that they were fraudulent, without consideration, and executed to hinder and delay the creditor in the collection of his debt, the fact that the aggregate value of all the land conveyed by the several deeds was greatly in excess of the amount of the debt due the judgment creditor is not good ground of demurrer to the petition.

No. 4221. JUNE 12, 1924.

Equitable petition. Before Judge Hutcheson. Rockdale superior court. January 22, 1924.

*C. R. Vaughn* and *E. T. Moon,* for plaintiffs in error.

*J. H. McCalla* and *J. R. Irwin,* contra.

BECK, P. J. J. P. Nicholson filed a petition in equity in Rockdale superior court, in which he alleged that he had an execution against A. O. Cowan for the sum of $638.45, this being the total amount of principal, interest, and cost; and that Cowan had made deeds to certain described lots of land containing in the aggregate 645 acres, and a house and lot and a vacant lot in the

town of Conyers, to the defendants, Mrs. Lula Cowan, Ed. L. Cowan, J. C. Cowan, Ernest Cowan, and C. N. Cowan; the total consideration of the deeds, as set forth therein, being $13,534.79. The amount of property deeded and the consideration as above set forth are set out in the deeds, copies of which were attached to the petition. The defendants jointly and individually demurred to the petition, on the grounds, that it did not set out a legal or equitable cause of action; that it was multifarious; that it contained a misjoinder of parties; that it contained a misjoinder of causes of actions; that the plaintiff had a legal remedy at law by levying his fi. fa. on any of the land and allowing the owner to file a claim; and that the plaintiff could not, on a claim of $638.45, set aside deeds made to different defendants to four valuable farms and a valuable house and lot and a valuable vacant lot in Conyers. The judge overruled the demurrer, and the defendants brought the case to this court on a direct bill of exceptions, assigning error on the judgment of the court overruling the demurrers.

The court did not err in overruling the demurrers. The petition set forth a cause of action falling within the jurisdiction of a court of equity. The debt upon which the note that was subsequently sued to judgment was based was made upon a date anterior to the deeds by which the defendant in execution conveyed his property to his children and his brother. The note itself which was sued to judgment was a renewal of the note first given for the debt. The petitioner charges that A. O. Cowan, the defendant in fi. fa., after the creation of the debt and before the rendition of the judgment, on the 18th day of April, 1921, executed a deed conveying a part of the land in question to his son, Ed. L. Cowan; that on the same day the debtor executed a warranty deed to his brother, C. N. Cowan, conveying some 200 acres of land; that on the next day after these two deeds were executed the judgment debtor conveyed, by warranty deed to his wife and his sons, Ed. L. and J. C. Cowan, a house and lot in the city of Conyers, Georgia, and a vacant lot and certain farm lands; and that on the 7th day of July, 1922, he transferred certain other lands to his son Ernest Cowan. It is also charged in the petition that at the time of the execution of these conveyances A. O. Cowan was insolvent; that his insolvency was known to the defendants, the transferees in the deeds; that all of the conveyances "were fraudulent and made for

the purpose of defeating and hindering petitioner in the enforcement of his execution, and in pursuance of a conspiracy and collusion of the said defendants and to hide and cover up the property of A. O. Cowan." It may be true that the plaintiff in fi. fa., the petitioner, could have levied his execution upon these lands, and then, in case the defendants had filed claims, upon the trial of the issue thus made have shown that the deeds were fraudulent. But he also had the right, in order to prevent the transfer of the lands to innocent parties who had no knowledge of the fraud, to maintain this action to set aside the conveyances, so that any purchaser from the transferees in these deeds would be affected with notice, under the doctrine of lis pendens. Moreover, it is charged in the petition that all of the defendants colluded and entered into a scheme by which, through fraudulent transfers of the property, the creditor would be hindered and delayed in the collection of his debt.

Nor is the petition multifarious. All of the defendants may not be interested in all of the matters contained in the suit, but they have an interest in some matter of the suit which is common to all, and there is a common nexus which unites them to one material and vital fact alleged in the plaintiff's suit, and that is the alleged fact that by a common scheme they, the defendant in fi. fa. by the execution of certain conveyances, and the other defendants by receiving these conveyances, jointly sought to hinder and delay the judgment creditor. In the case of *Blaisdell* v. *Bohr*, 68 *Ga.* 56, it was said: "A bill is not multifarious because all of the defendants are not interested in all of the matters contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others. All persons who are directly or consequentially interested in the event of the suit are properly made parties to a bill of equity, so as to prevent a multiplicity of suits by or against parties at once or successively affected by the original case. 'To sustain a bill against multifariousness it is not indispensable that all the parties should have an interest in all the matters contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others. 8 *Ga.* 236, and authorities there cited.' There was in this whole transaction but a single

subject-matter—the twenty-three shares of stock. How and where the liability will fall, and what shall be the final determination as to the rights of these parties, are not the questions. All the parties are connected with it in the conveyance from the true owner. They may all be heard and their rights and liabilities settled in this one suit, and the whole matter finally adjudicated. 21 *Ga.* 6, 35 *Ib.* 208. Mitford & Tyler, 271-3; Dan. Ch. Pl. and Pr. 334; Story's Equity Pl. 271, 271 a. Courts discourage the objection of multifariousness in all cases where, instead of advancing, it would defeat the ends of justice. 12 *Ga.* 61, 1-2-3 of the opinion. . . All persons who are directly or consequentially interested in the event of the suit should be made parties." See *First National Bank* v. *Wiley,* 150 *Ga.* 759 (105 S. E. 308); *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97); *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (75 S. E. 418); Civil Code, §§ 5417, 5419.

The fact that the value of the property covered by several conveyances was largely in excess of the amount of the debt due petitioner did not afford ground for demurrer. All of these conveyances, having, according to the allegations of the petition, been executed in pursuance of a common scheme, could be attacked without reference to the amount of the judgment creditor's debt as compared to the value of the property conveyed in the several deeds.        *Judgment affirmed. All the Justices concur.*