## ROACH *et al.* v. TERRY *et al.*

1. A demurrer to a petition as a whole was properly overruled when any part of the petition was good in substance.

(a) While a judgment creditor can not levy upon property of his debtor embraced in a senior security deed without first paying up the secured debt and redeeming the property, and while a court of equity will not, as a general rule, lend its aid to such judgment creditor to enforce his judgment against such property, where the grantor in the security deed subsequently to the execution thereof conveys his property to his wife by voluntary deeds, while insolvent, or where such debtor for value conveys such property to his wife for the purpose of delaying, hindering, or defrauding his creditors, the creditors can maintain a petition to cancel the deeds of the husband to the wife without first redeeming the property embraced in such security deed.

(b) Equity seeks always to do complete justice; and having the parties before it rightfully for the purpose of cancelling said deeds from the husband to the wife, it could proceed to give full relief to the plaintiffs in reference to the subject-matter of the suit, the court having jurisdiction for that purpose, by ordering the property sold subject to the security deed, or by making the holder of the security deed a party to the case, and ordering the sale of the property embraced in the security

Appeal and Error, 4 C. J. p. 1029, n. 30; p. 1032, n. 36.

Equity, 21 C. J. p. 134, n. 5; p. 137, n. 24; p. 198, n. 86.

Fraudulent Conveyances, 27 C. J. p. 503, n. 64; p. 565, n. 7; p. 567, n. 25; p. 723, n. 21 New.

Mortgages, 41 C. J. p. 521, n. 53.

New Trial, 29 Cyc. p. 789, n. 4; p. 790, n. 12.

Pleading, 31 Cyc. p. 326, n. 47; p. 329, n. 61.

Trial, 38 Cyc. p. 1711, n. 19.

deed, applying the proceeds of the sale first to the payment of such secured debt, and the balance to the judgments of the plaintiffs.

2. While the language, "and bona fide purchasers would be protected under circumstances of that character," contained in the court's instruction to the jury, set out in the first ground of the amendment to the motion for new trial, was not pertinent and was not happily and clearly stated, its use in such instruction does not require the grant of a new trial.

3. The court erred in giving the instruction set out in the second ground of the amendment to the motion for new trial.

4. The court did not err in giving to the jury the instruction set out in the third ground of the amendment to the motion for new trial.

5. The refusal of the court to give the instruction requested by the defendants, and set out in the fourth ground of the amendment to their motion for new trial, does not require the grant of a new trial, as the principle of law therein embraced was substantially covered by the charge of the court to the jury.

No. 5766. June 30, 1927.

Equitable petition. Before Judge Sheppard. Long superior court. October 28, 1926.

George R. White, Anna H. Terry, and A. L. Powell filed their petition against George S. Roach and his wife Anna Wesley Roach, in which they made these allegations: (2) Petitioners are judgment creditors of George S. Roach. The judgments in favor of George R. White and Anna H. Terry were obtained in the city court of Savannah on February 12, 1924, and the judgment in favor of A. L. Powell was obtained in said court on March 10, 1924, the latter judgment being also against Richard Roach, a brother of George S. Roach. The total of said judgments is $2540 principal, interest to judgment $257.86, attorneys' fees $277.78, with $34.05 as costs of court. (3) The judgments in favor of George R. White and Anna H. Terry are based upon notes given by said George S. Roach and Richard Roach, dated January 7, 1920, due January 7, 1923, and the judgment in favor of A. L. Powell is based upon the promissory note of George S. Roach and Richard Roach, dated September 12, 1922, and due October 15, 1922. Said notes were for loans made by petitioners to said makers, all of which remain unpaid. (4) On August 21, 1923, George S. Roach caused to be recorded in the office of the clerk of the superior court of Long County two certain deeds purporting to have been executed and delivered by him to his wife on January 2, 1923, which petitioners aver were not executed on said date, one for an alleged consideration of $3500, and the other for an alleged consideration of $400, the former undertaking to convey certain

described real estate and certain described personal property, and the other undertaking to convey the title to two described tracts of land. Said deeds were executed and delivered without any consideration. (5) They were fraudulently executed by said George S. Roach, and are null and void, because (a) they were executed with the intention to delay and defraud petitioners and others, creditors of the grantor, which intention was known to the grantee; and (b) they were not for a valuable consideration, but were voluntary conveyances made by the maker, who was insolvent at the time of said conveyances. (6) The property embraced in said deeds has remained in the actual and exclusive possession of the grantor since the conveyances were executed and recorded, and still remains in his actual and exclusive possession. (7) George S. Roach claims that on January 24, 1912, he executed and delivered to the Commercial Life Insurance & Casualty Company, to secure a debt of $2500, a deed recorded on January 29, 1912, to two of the tracts of land described in his deed to his wife, the amount of said debt now being approximately $1700, maturing five years after its date; and that the same was transferred on September 7, 1917, to the George Washington Insurance Company. (8) George S. Roach owns no property which is unincumbered, according to the records in the offices of the clerks of the superior courts of Long and Liberty Counties. (9) His purpose in executing the two deeds to his wife was to convey the title to the property therein described to her, and his equity therein, and place the same in a position where she could convey to innocent purchasers who would be protected as against the liens of petitioners and other judgment creditors, and to attempt to divest his title or his equity in the property for the purpose of delaying and defrauding his creditors; and the wife participated in such fraudulent plan and scheme. (10) On April 5, 1924, Richard Roach, codefendant in said executions, caused to be recorded in the office of the clerk of Chatham superior court a deed purporting to have been executed and delivered by him to Anna Wesley Roach on January 3, 1924, which deed petitioners aver was not executed on said date, for an alleged consideration of $3500, but for which petitioners aver there was no consideration, undertaking to convey certain realty and personalty in Chatham County, subject to certain deeds to secure debt upon such realty; and the remaining property belonging to

said Richard Roach, being realty, is encumbered with numerous deeds to secure debt. An entry of nulla bona has been made on the execution based upon the judgment rendered in favor of A. L. Powell, and Richard Roach claims to be unable to make payment of the amounts due under the judgments of petitioners, or any part thereof. (11) George S. Roach is insolvent. (12) The two conveyances from him to Anna Wesley Roach were fraudulently executed, and should be declared void and canceled. (14) Petitioners are without an adequate remedy at law. They pray that the wife be enjoined from selling, encumbering, or otherwise disposing of any of the property described in said deeds to her, that said deeds be declared void and canceled, that a decree be granted subjecting said property to the payment of the judgments of petitioners, subject to any valid prior lien thereon; and for general relief.

George S. Roach demurred to the petition, upon the following among other grounds: (3) The allegation of the ninth paragraph, that the wife participated in said fraudulent plan and scheme, is a conclusion of the pleader, without facts alleged upon which to base the same. (6) The allegations of the twelfth paragraph are conclusions of the pleader, without any facts alleged on which to base the same. (12) No facts are alleged showing that petitioners are entitled to the injunction prayed for. (13) From the allegations of the petition no decree can be legally rendered subjecting said property to the payment of the judgments of petitioners. (The grounds of demurrer not set forth above were expressly abandoned by counsel for the plaintiffs in error in their brief.) Anna Wesley Roach demurred upon grounds (among others) the same as grounds 3, 6, 12, and 13 of her husband's demurrer. The court overruled all of the grounds of the demurrer of George S. Roach, except the fourth, and all of the grounds of the wife's demurrer except the sixth. Each of them excepted and assigned error.

On the trial the plaintiffs made this case: George S. Roach brought the two deeds from himself to his wife, to C. W. Dawson, clerk of the superior court of Long County, and asked him to witness them, which he did. They then called on Davis, who signed each of the deeds as a witness. Roach took the deeds, and did not then leave them for record. He asked the clerk to say nothing about it "right then." Roach brought back the deeds about four

to six weeks later, and the clerk recorded them on August 21, 1923.   Plaintiffs introduced note of George S., S. M., and Richard Roach, dated January 7, 1920, payable to the order of Anna H. Terry, for $1400, due three years after date, together with the suit on said note in the city court of Savannah.   The indebtedness of George S. Roach to the Mutual Fertilizer Company, Southern Paint & Supply Company, and George R. White, and that on the Powell judgments, was admitted by the defendants.   George S. Roach returned as owner, for taxes in 1924, town property in Ludowici, valued at $3500.   James R. Cain, as her attorney, handled the note of Mrs. Anna R. Terry, for $1400, dated January 7, 1920, due three years after date.   He had an interview with Richard and George S. Roach, touching this note.   At that time they went over their affairs considerably.   George S. Roach went over the question of his owning "this pecan grove here," and its desirability and value.   Witness waited a year before this note was sued, after it was due.   George S. Roach never told him at any time that he had executed these two conveyances to his wife. Plaintiffs introduced the record in the case of Peoples Hardware Company, suit on account and note for $140 or $150.   On January 1, 1922, George S. Roach submitted to the Mutual Fertilizer Company a statement in writing, in order to obtain credit from that company.   This statement showed assets of $13,000, and total liabilities of $2400.   In this statement Roach declared that he was not indebted to his wife.   Upon this statement this company sold Roach fertilizer for 1922, which was paid for.   This company sold him fertilizer for 1923, still having said statement in its possession.   On October 13, 1923, this company took his note for the amount, which it afterwards reduced to judgment.   In his answer Roach admitted his insolvency.

The evidence for the defendants made this case:   George S. Roach had borrowed $4000 from his wife's mother; and to secure the same gave her a mortgage on his home place of 13-87/100 acres, embraced in the deed to his wife.   His mother-in-law wanted the money he owed her.   It was found that $2400 would be coming to each of her children upon her death.   His wife gave her note to her mother for the $2400 which would be coming to her, and this amount was credited on the note of her husband to his mother-in-law.   The balance of the $4000 was paid by Roach in

cash. The amount of the wife's note was charged up to her share in her mother's estate. He thus got from his wife $2400 in 1906, and he had previously got $600 from her. There was approximately $1000 of interest on the $4000 turned over to the wife. Roach paid his wife for this money by deeding her the property in dispute. This property is worth from $3500 to $4000, and there is an encumbrance on it amounting to $1700. Roach did not get any of the money on the Terry and White notes. Richard or Sam Roach, or both of them, got it. Roach testified that at the time he made these deeds to his wife she did not know one word about his financial condition; that he made her these deeds to this property just to pay her what he owed her; and that these deeds were not made for the purpose of hindering, delaying, or defrauding his creditors, but were made for exactly the contrary purpose, to enable him to pay them.

E. C. Oliver, a brother-in-law of Roach, testified: George S. Roach owed Mrs. Roach's mother something over $4000 at one time. In 1905 or 1906 she wanted a settlement. Roach paid back some of it at that time, witness thought. Then it was that Mrs. Anna Wesley Roach let her husband have the money. It all happened in witness's house. Mrs. Roach's mother gave to each of her children $2400, he thought. Roach owed her about $4000. She did not give Mrs. Roach the $2400; she credited her debt against Roach with this amount. There was a thousand dollars also that his mother-in-law gave Mrs. Roach.

Mrs. Anna Wesley Roach testified: At the time my husband gave me these deeds I did not know anything at all about his financial condition. The consideration of these deeds was for money that my mother had given me. I turned it over to Dr. Roach to go into his business. I told him to use it any way he thought best. I told him I wanted an interest, because I wanted to keep it separate and secure, as he had a daughter by his first wife, and she was to get an inheritance from her grandmother, and I wanted this for me and my children in case of his death. I gave it to him so that he could use it, but I expected him to keep it separate for me and my children. The first money I let him have was about $600, when we first married. The next amount I let him have was the $2400 note that I gave my mother to go on that $4000 note. Then she gave me some money, and I turned it

over to him, about $1100. These deeds were given to me in payment of those debts. The principal amounts to about $4000. I have never been paid any interest.

The defendants introduced in evidence the note of Anna Wesley Roach, dated February 1, 1906, due one year after date, payable to the order of her mother, Mrs. Bauknight, for $2431.25. Also two deeds from George S. Roach to his wife, dated January 2, 1923, one for a consideration of $400, conveying two tracts of land in Long County, one of them containing 10-3/10 acres, the other containing 12-87/100 acres, filed for record in the office of the clerk of the superior court on August 21, 1923. The other deed was for a consideration of $3500, conveying a tract of land known as block 5 and portions of blocks 3 and 4 in Ludowici, Long County, Georgia, and also certain personal property. This deed was filed for record August 21, 1923.

The jury returned a verdict in favor of the plaintiffs. The defendants moved for a new trial, upon the formal grounds, and by amendment added the following grounds:

1. The court erred in charging the jury as follows: "Now, of course, if there was no such intention; if as a matter of fact Dr. George S. Roach owed Mrs. Roach the debt, and he was paying the debt, and was not doing it for the purpose of defrauding or delaying creditors in the collection of their debts, then it would be a good deed; or if it was done with that purpose, and that purpose not known to Mrs. Roach, or reasonable grounds to suspect that that was the purpose, why it would be a good deed, if it was made on a, valuable consideration, and bona fide purchasers would be protected under circumstances of that character; and that would be true even though the making of those deeds would make Dr. Roach a bankrupt." The error assigned is, that the language, "why it would be a good deed, if it was made on a valuable consideration, and bona fide purchasers would be protected under circumstances of that character," tended to mislead the jury, and to limit the protection given by the circumstances recited to bona fide purchasers from Mrs. Roach.

2. The court erred in charging the jury as follows: "On that line I charge you that persons who are debtors have the right to make an assignment and prefer one creditor to another under the law of Georgia; and if a wife is a bona fide creditor, the husband

would have the right to prefer the wife if he saw fit to do so; and if it was not otherwise, as I have already charged you, invalid for those reasons, or some other valid reason, why the deed would be good and it would be a valid transaction." The error assigned is, that the court thereby permitted the jury to find said deeds invalid, not only upon the grounds alleged in the petition and above referred to in the court's charge, but also if the jury found any other valid reason for setting them aside; and that the court should have limited the jury to the grounds stated in the petition, and committed harmful error in authorizing the jury to find the conveyances invalid for some other valid reason.

3.  Immediately after charging section 4526 of the Code of Georgia, to the effect that fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence, the court charged the jury as follows: "I charge you, in all transactions between husband and wife or persons bearing near relationship to each other, that those transactions should be scanned closely to see whether or not they are bona fide or whether or not they may be fraudulent. All questions between the husband and the wife and persons of near relationship should be scanned with care and closely scrutinized; and with reference to that question of bona fides and good faith of the parties, in transactions between the husband and wife or persons of close relationship, the burden would be on them, those persons, to show the bona fides, and to clearly show by a preponderance of the evidence that the transaction was bona fide, and not tainted with any fraudulent purpose or intent." The errors assigned are, (a) that the jury was instructed that the mere fact of relationship between the defendants required them to closely scan and scrutinize the transactions between them for fraud, which is not a correct rule of law, without instructing them that badges of fraud other than relationship between the defendants would have to be found by the jury which called for rebuttal or explanation before the said rule applied; and (b) that the court in effect instructed the jury that the burden was upon Mrs. Anna Wesley Roach to show that there was no fraudulent intent or purpose on the part of her husband, thus imposing upon her a burden not imposed by law.

4.  The court erred in refusing a request to charge the jury

as follows: "The plaintiffs charge that, in spite of the conveyances to his wife, Dr. Roach still remains in possession of the property described in those conveyances. In this connection I charge you, gentlemen of the jury, that possession by the husband with the wife is presumptively his possession, but this is a presumption that may be rebutted; and in considering whether or not this presumption has been rebutted, you may consider, with the other evidence in the case, the fact that the conveyances to Mrs. Roach were recorded in the office of the clerk of the superior court of Long County, if such be the fact. A deed properly executed and entitled to record is notice to the world from the time it is filed in the office of the clerk of the superior court of record." This instruction should have been given, in view of the fact that in the petition it was charged that the property conveyed by the deeds had remained in the actual and exclusive possession of the husband, which allegation was denied by the answer.

The court overruled the motion for new trial, and the defendants excepted.

*McIntire, Walsh & Bernstein,* for plaintiffs in error.

*Seabrook, Kennedy & McWhorter, Melville Price, Edwin A. Cohen,* and *J. R. Cain,* contra.

HINES, J. (After stating the foregoing facts.)

1. Counsel for the plaintiffs in error expressly abandon the first, second, fifth, seventh, eighth, ninth, tenth, and eleventh grounds of the husband's demurrer, and the first, second, third, seventh, ninth, tenth, eleventh, twelfth, and thirteenth grounds of the wife's demurrer. This strips these demurrers of nearly all their feathers. The court below sustained the fourth ground of the husband's demurrer, and the sixth ground of the wife's demurrer, to which rulings no exception was taken. So these grounds of demurrer are out of the way. This leaves for consideration the third, sixth, twelfth, and thirteenth grounds of the husband's demurrer, and the fourth, fifth, eighth, fourteenth, and fifteenth grounds of the wife's demurrer. The third ground of the husband's demurrer, and the fourth and fifth grounds of the wife's demurrer can be considered together. These grounds assail the allegation in the ninth paragraph of the petition, that the wife participated in the plan and scheme of her husband to defraud his creditors, as a mere conclusion, it not being stated what the wife

did to make her a participant in this plan and scheme of her husband, or how she participated therein. The allegation that the wife participated in the scheme of her husband to defraud his creditors, standing alone, might be subject to the objection that it was a mere conclusion; but when taken in connection with other allegations of the petition, it can not be so treated. The scheme of the husband is fully stated in the petition. It is alleged that he was insolvent, that he made a voluntary conveyance of his property to his wife, and that this was done by him to defraud the plaintiffs and his other creditors. This is the scheme charged to the husband. The petition then charges that the wife, with knowledge of this fraudulent purpose of her husband, received from him deeds to his property, purporting to be for a valuable consideration, when they were purely voluntary and without consideration. Thus the manner in which the wife participated in the husband's scheme is clearly stated, and the allegation of her participation therein, when taken with the other allegations of the petition, is not a mere conclusion.

The sixth ground of the husband's demurrer and the eighth ground of the wife's demurrer can be considered together. They attack the allegation of the twelfth paragraph of the petition, that the two conveyances from the husband to the wife were fraudulently executed and should be declared void and canceled, as a conclusion of the pleader, without any facts being alleged on which to base the same. Standing alone, the criticism of this paragraph would be well taken; but when viewed in the light of the other allegations of the petition, which state facts which make these conveyances fraudulent, this ground of demurrer is without merit.

The twelfth ground of the husband's demurrer and the fourteenth ground of the wife's demurrer can also be considered together. The petition alleges that petitioners are entitled to an injunction enjoining the wife from selling, encumbering, or otherwise disposing of any of the property embraced in said deeds to her. These grounds are based upon the proposition that no facts are alleged showing that the petitioners are entitled to the injunction prayed for in paragraph (b) of the prayers of the petition. There is a conclusive reply to this position. This ground of demurrer goes to the whole petition, and not to the portion seeking injunctive relief. Conceding that the petition alleges no facts

which would entitle the plaintiffs to the injunction sought, this would furnish no reason for dismissing the petition as a whole. The demurrer must be overruled if any part of the petition is good in substance. *Dyson* v. *Washington Telephone Co.,* 157 *Ga.* 67, 78 (121 S. E. 105). The petition makes a case for the cancellation of the deeds from the husband to his wife; and for this reason this ground of demurrer, which goes to the whole petition, was properly overruled. This renders it unnecessary to determine whether the plaintiffs are entitled to the injunctive relief which they seek.

The thirteenth ground of the husband's demurrer and the fifteenth ground of the demurrer of the wife are the same, and are treated together. In these grounds it is asserted that under the allegations of the petition no decree can be legally rendered subjecting the property involved to the payment of the judgments of petitioners. This contention is based upon the proposition that property conveyed by deed to secure debt can not be levied upon as the property of the grantor in the security deed, unless first redeemed by the levying creditor. If this were an attempt to levy the executions issued upon the judgments of the plaintiffs, upon any of the property involved in this case, and embraced in a security deed previously executed by the defendant, this position would be well taken. *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10); *Kidd* v. *Kidd,* 158 *Ga.* 546, 553 (124 S. E. 45). In such case a judgment creditor would have to redeem the property from the security deed, and then levy on it. Without alleging some peculiar facts which would render his remedy at law inadequate, a court of equity will not aid him in subjecting property covered by a security deed, to the payment of his judgment junior to such security deed. *Swift* v. *Lucas,* 92 *Ga.* 796 (19 S. E. 758); *Virginia-Carolina Chemical Co.* v. *Rylee,* 139 *Ga.* 669 (78 S. E. 27); *First National Bank* v. *McFarlin,* 146 *Ga.* 717 (92 S. E. 69); *Dumas* v. *Tyus,* 147 *Ga.* 307 (93 S. E. 894). If the plaintiffs can not finally subject the property embraced in the security deed given by the husband to another creditor before they obtain their judgments, they can certainly proceed to have canceled the deeds made by the husband to the wife, if the same were voluntary deeds made when he was insolvent, or, if made for a valuable consideration, they were made for the purpose of hindering, delaying, or defraud-

ing the plaintiffs in the collection of their debts. They can certainly proceed in equity to remove the obstacles created by these deeds from the husband to his wife, if made under the circumstances just mentioned. *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97); *Cowan* v. *Nicholson,* 158 *Ga.* 425 (123 S. E. 681). Besides, not all of the property conveyed by the husband to the wife was embraced in the security deeds. Clearly property not so embraced can be subjected in this case to the payment of the judgments of the plaintiffs. But we see no valid reason why the court, having jurisdiction for the purpose of cancelling the conveyances from the husband to his wife, upon the grounds on which they were attacked by the plaintiffs, could not pass a decree ordering the property embraced in the security deed sold subject to that encumbrance, or why a court of equity could not make the holder of the security deed a party to the proceeding, and direct the sale of the property embraced in such instrument, and apply the proceeds first to the payment of the secured debt and expenses, and then apply the balance of such proceeds, if any, to the payment of the demands of the plaintiffs. Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose. Civil Code (1910), § 4522. For these reasons the court did not err in overruling these grounds of the demurrers.

As all other grounds of demurrer are expressly abandoned by counsel for plaintiffs in error, and as we have seen that the grounds stressed in this court are without merit, the trial judge did not err in overruling the demurrers to the petition.

2. The language, "and bona fide purchasers would be protected under circumstances of that character," contained in the court's instruction to the jury, as set out in the first special ground of the motion for new trial, quoted in full in the statement preceding this opinion, is not pertinently, happily, and clearly stated; but we would not grant a new trial on this ground. We do not think that the use of the above language in the instruction complained of requires the grant of a new trial.

3. We think the trial judge erred in the instruction to which the defendants except in the second special ground of the motion

for new trial. The deeds from the husband to his wife were attacked upon two grounds only. One of these was that these deeds were made to delay or hinder the plaintiffs in the collection of their debts against the husband. The other ground of attack was that these deeds were voluntary conveyances made by the husband to his wife, and that he was insolvent at the time. In this charge the court instructed the jury that the husband had the right to prefer his wife, if he saw fit to do so, if his deeds to effect such purpose were not invalid for the reasons asserted by the plaintiffs, and about which the court had already instructed the jury. So far the instruction was accurate and correct. But the court then added the language, "or for some other valid reason." This language raised an issue not presented by the pleadings, and turned the jury loose, without chart or compass, and without telling them what other circumstances would render these deeds invalid, to say whether in their opinion there was not, some other valid reason which rendered these conveyances null and void. In so instructing the jury we think that the court erred, and that this error requires the grant of a new trial.

4. The court did not err in the instruction set out in the third special ground of the motion for new trial. *Simmons* v. *Really Investment Co.,* 160 *Ga.* 99 (127 S. E. 279). In the cases of *Hicks* v. *Sharp,* 89 *Ga.* 311 (15 S. E. 314), and *Fouts* v. *Gardner,* 157 *Ga.* 362 (121 S. E. 330), this court was dealing with transactions between relatives other than man and wife.

5. The refusal of the court to give the instruction requested by counsel for the defendants, and set out in the fourth special ground of the motion for new trial, does not require the grant of a new trial, as the principle of law embraced in said request was substantially covered in the charge of the court to the jury.

*Judgment reversed. All the Justices concur.*