JARVIS & WILSON, plaintiffs in error, *vs.* MARTIN BURKE *et al.*, defendants in error.

1. Where a deed was executed to land, and the maker took bond for reconveyance upon repayment of the consideration, it passed title

so far as to secure the consideration expressed. For a subsequent judgment creditor of the maker to subject the land, it would be necessary first to redeem it.

2. If counsel do not consider the charge sufficiently full on particular points, though correct, as given, it is incumbent on them to suggest the necesssry additions.

3. The verdict is contrary 'neither to the law nor the evidence.

Deeds. Title. Mortgages. Charge of Court. New trial. Before Judge CLARK. Webster Superior Court. March Term, 1877.

One Pickett conveyed land to Burke *et al.*, and took an obligation for its reconveyance upon the repayment of the purchase money within a certain time. Afterwards Jarvis & Wilson recovered judgment against Pickett, and levied on the land. It was claimed by Burke *et al.* The consideration expressed in the deed was $501. Whether any of this was paid in cash, and how much, the evidence is conflicting. It seems, however, that at least a portion of the consideration was for money advanced to pay off certain debts of Pickett's. He was unable to pay all his debts at the time of making the deed. Suits—that of plaintiffs' among others—were pending against him; he desired to so dispose of his property as to gain time in paying his debts. Whether claimants were aware of these facts or not when they took the deed, the evidence is conflicting; one of claimants was sheriff of the county where this suit, and another were pending in the superior court.

The jury found for claimants. Plaintiffs moved for a new trial, on the following, among other, grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court charged as follows: "If you believe that Pickett sold said land to claimants with intent to hinder or delay his creditors, and if you should further believe that said claimants knew of said intention, then you should find the property subject." The court should have

gone further and charged that the same would be true "if said claimants had reasonable chance to suspect the intent."

(3.) Because the court held that said deed and written promise to reconvey, construed together, was not a mortgage, but a deed.

The motion was overruled, and the plaintiffs excepted.

B. P. HOLLIS ; B. B. HINTON & SON, for plaintiffs in error.

W. A. HAWKINS, for defendants.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found a verdict in favor of the claimants. A motion was made for a new trial, on several grounds, which was overruled by the court, and the plaintiffs excepted.

1. The deed executed by the defendant to the claimants, vested the title to the land in them, so far as to secure the payment of the consideration therein expressed, notwithstanding a bond was executed by the claimants to reconvey the land on the payment thereof, as provided by the act of 1871. If the plaintiffs, as subsequent judgment creditors of the defendant Picket, had desired to have redeemed the land for the purpose of subjecting the same to their *fi. fas.*, they could have done so by the payment of the debt, or debts, for which the deed was executed to secure, with the lawful interest thereon.

2. There was no error in the charge of the court in relation to the deed having been executed with intent to hinder and delay. befendant's creditors, in view of the evidence in the record. If the plaintiffs were not satisfied with the charge as given, because it did not go far enough, they should have requested the court to have added what they now insist it should have done.

3. If the jury believed the claimant's witnesses, as it was

their privilege to do, the verdict was not contrary to law or the evidence.

Let the judgment of the court below be affirmed.