SWIFT *v.* LUCAS *et al.*

Where land is conveyed by an absolute deed to secure a loan, bond for titles being given for a reconveyance to the debtor upon payment of the debt, and the latter has no property except his interest in the land, the remedy of another creditor who obtains judgment against the debtor after the execution of the deed, is to redeem the land by discharging the debt for which it is held as security, and then cause it to be levied upon and sold. An equitable petition setting forth, in substance, the above state of facts, and praying that the land be sold and the proceeds of the sale applied, first to the payment of the loan for which the land is held as security, and then to the discharge of the judgment held by the petitioner, presents no grounds for equitable relief, in the absence of further allegations setting forth that a tender of the amount due the secured creditor has been made and refused, or that petitioner is unable, from poverty or other cause, to make such tender. No facts being alleged in the petition showing that the remedy first above indicated would not be full and complete, and no rea-

son appearing why the petitioner cannot avail himself of that remedy, the court properly sustained a general demurrer to the petition for want of equity.

January 27, 1894.

Equitable petition. Before Judge HUTCHINS. Habersham superior court. March term, 1893.

The petition of Swift alleged, that on April 12th, 1892, he obtained a common law judgment against Susan H. Lucas, for $800.00 principal, besides interest, attorney's fees and costs, upon a note dated April 12th, 1890. On June 7th, 1892, after paying costs, the sum of $670.97 was paid on the judgment from the sale of a lot in Athens, leaving the balance still due and unpaid. Mrs. Lucas has no property out of which the balance [can be made], except her equitable interest in a tract of land of 360 acres more or less, which on July 3d, 1886, she conveyed by deed to C. L. Hollingsworth for the expressed consideration of $800. This conveyance. was made by her to secure that sum, and the conveyance is an equitable mortgage, she holding a bond for title. The petition describes the land, and alleges that it is worth $2,500; that the interest of Mrs. Lucas therein is in equity assets for the payment of plaintiff's debt; and that the debt due Hollingsworth has been fully or in large measure paid off. The prayers are, that the court decree that this land be sold, and from the proceeds the amount due Hollingsworth be first paid, and then the balance due on plaintiff's judgment be paid; that Hollingsworth be required to bring into court the conveyance to him, and Mrs. Lucas be required to bring into court the bond for title from Hollingsworth; and for general relief, etc.

MCCURRY & PROFFITT, by brief, for plaintiff.

LUMPKIN, Justice.

The controlling question upon which this case depends has been settled, we think, by the decision of this

court in *Jarvis & Wilson* v. *Burke et al.*, 59 *Ga.* 232, in which it appeared that one Pickett conveyed land to Burke and others, taking a bond for its reconveyance upon payment of the purchase money, and that afterwards, Jarvis & Wilson recovered judgment against Pickett and levied on the land, which was claimed by Burke and others. Upon this state of facts the court held that the deed executed by Pickett to the claimants vested the title to the land in them, so far as to secure the payment of the consideration expressed in the deed, and that if the plaintiffs in execution (who became judgment creditors of Pickett after the deed was executed) desired to subject the land to the payment of their judgment, it would be necessary for them to first redeem it.

Again, in *Groves, ordinary,* v. *Williams,* 69 *Ga.* 614, it was held that an absolute deed, though made only as security for a debt, passed title, and that a judgment subsequently rendered against the grantor had no lien on the land which could be enforced by levy and sale until the title became revested by redemption. Justice SPEER stated that while, under the facts disclosed by the record in that case, the property was not subject, the court did not intend to say the plaintiff would be remediless in equity; but, of course, it was meant that in order to obtain equitable relief, facts must be shown which would entitle the plaintiff in execution to relief in that forum.

In the present case, we do not think the plaintiff has alleged such facts. No reason whatever is stated in the petition why Swift cannot redeem the land by paying off the debt to secure which Mrs. Lucas made the deed to Hollingsworth; nor does the petition show that a tender of the amount due has been made by Swift and refused by Hollingsworth, or that Swift is unable, from poverty or from any other cause, to make such tender. It therefore does not appear that he has not a complete

and perfect remedy by paying to Hollingsworth the debt secured by the deed, and taking title to the land, together with an assignment of the note due by Mrs. Lucas to Hollingsworth.

If Swift should pursue the course above indicated, the note would, of course, become his property, and he would be subrogated to all the rights of Hollingsworth, and hold the title to the land as security for the payment of the note, just as Hollingsworth did. It would seem from the allegations of the petition that this note has not been reduced to judgment. After becoming the owner of it, Swift could obtain judgment upon it, and then, by executing and filing a deed conveying the land to Mrs. Lucas, he would be in a position to enforce by levy, not only the judgment last referred to, but also the one he now holds. By advancing Hollingsworth the money due him by Mrs. Lucas, and taking a transfer of her note, and also taking title to the land, Swift would not only be subrogated to Hollingsworth's rights, as above stated, but would also have to assume his corresponding obligations, and consequently it would become his duty to comply with the terms of Hollingsworth's bond to Mrs. Lucas, and make her a title to the land in the event she should voluntarily pay off the note. In case she failed to do so, and Swift should obtain a judgment against her on the note, and sell the land in the manner above indicated, it would obviously result in a satisfaction of the bond. Therefore, whether Mrs. Lucas voluntarily paid the note given by her to Hollingsworth, or was compelled to do so by suit, her rights would be fully protected.

The question arises how Hollingsworth would be protected if, after accepting a tender by Swift of the amount due by Mrs. Lucas and making him an absolute conveyance of the land, Swift should fail to comply with the terms of Hollingsworth's bond upon payment by

Mrs. Lucas of the note. It is obvious that if Swift, holding the absolute title, should convey the land to an innocent purchaser without notice; or if the land should be seized and sold by a creditor of Swift under a judgment against him, serious injury might result to Hollingsworth, especially if Swift should be insolvent. The answer to all this is, that Hollingsworth need not make an absolute and unconditional deed to Swift. If, for the purpose of redeeming the land in order to subject it to the judgment he now holds, Swift should tender to Hollingsworth the money due him by Mrs. Lucas, and demand from Hollingsworth a deed to the land, it would be incumbent upon Hollingsworth to recite in the deed all the facts, and let it appear in the deed itself that it was made expressly for the purpose indicated and none other. The deed should invest Swift with the power of conveying the land to Mrs. Lucas, in satisfaction of her bond for titles from Hollingsworth, in the event she paid off the note. A deed in these terms could be used by Swift only for the purpose for which it was intended, and thus all risk and danger to Hollingsworth would be avoided. Accordingly, it would seem that if all the parties concerned will conform carefully to the course above suggested, the rights of each and every one will be fully guarded.

If Hollingsworth had already obtained judgment against Mrs. Lucas upon her note, and Swift were to pay him the amount due upon the same, Hollingsworth ought, perhaps, to be called upon by Swift to make and file a deed conveying the land to Mrs. Lucas, and at the same time to transfer and assign his execution against her to Swift, who could then proceed to collect both his executions by a levy and sale of the land as the property of Mrs. Lucas.

Upon the whole, we are satisfied that Swift has not shown by the allegations of his petition that he is in a

position to require the aid of a court of equity; and our reasons for this conclusion will appear from what has been already stated.

An examination of the cases of *Parrott* v. *Baker*, 82 *Ga.* 364, and *Polhill* v. *Brown*, 84 *Ga.* 338, cited by counsel for the plaintiff in error, will show that they are not at all applicable to the facts of the case at bar.

The court was right in sustaining the demurrer to the petition.　　　*Judgment affirmed.*