## SHEPHERD *et al. v.* ARMOUR FERTILIZER WORKS *et al.*

1. The decision in *Maynard* v. *Armour Fertilizer Works*, decided to-day, in large part controls the present case. Here there is a similar lack of direct allegation of fraud on the part of the grantee in the conveyance attacked, or of notice of fraud, if any existed, as in that case.

2. Where an owner of land made a conveyance for the purpose of securing a debt, and thereafter became indebted to others, and then made a conveyance of the land subject to the security deed, and judgment creditors of such debtor filed an equitable petition to subject the interest conveyed by the latter deed, and to have it decreed that they were entitled to pursue the remedy pointed out by the statute (whereby creditors may redeem property which has been conveyed for the purpose of securing a debt, and subject it to their claims), but did not attack the security deed or the indebtedness secured thereby, or seek to affect the rights of the holder thereof, the petition was not demurrable at the instance of the debtor and the holder of the deed attacked, on the

ground that the grantee in the security deed was not made a party defendant.

3. In an equitable petition filed for the purpose indicated in the last headnote, allegations to the effect that the debtor, who was a married woman, conveyed to her two unmarried daughters all of her property except that covered by the last deed, which was made to her brother, and thus conveyed away her property from which creditors could realize payment, were not demurrable as irrelevant.

4. Certain paragraphs of the petition, alleging facts not proper to be set out in the pleadings, should have been stricken on special demurrer.

AUGUST 17, 1912.

Equitable petition.    Before Judge Martin.    Wilcox superior court.    March 21, 1911.

*Haygood & Cutts* and *M. B. Cannon,* for plaintiffs in error.
*Hal Lawson,* contra.

LUMPKIN, J.    1. This is the companion case to that of *Maynard v. Armour Fertilizer Works,* ante, 549.    In that case the plaintiffs sought to subject to the payment of their executions land conveyed by Mrs. Maynard to her two daughters.    In this case they are seeking to set aside a deed made by her to her brother, conveying her interest in certain land which she had previously conveyed to a trust company to secure a debt, and to have it decreed that such interest could be subjected to their executions by the creditors upon paying the debt secured by the deed which she had previously made, in accordance with the provisions of the Civil Code, § 6038.    What has been said in that case is largely controlling in this.    The plaintiffs alleged certain collateral facts, but did not distinctly allege the main fact which those facts might perhaps have been admissible in evidence as tending to prove.    They did not directly allege either that Shepherd did not pay for the land, or that the deed to him was not made at the time when it bore date, or that he participated in any fraud, or had notice thereof. They charged that the deed was made, not in good faith and for a valuable consideration, but for the purpose of defrauding, hindering, and delaying them; but they failed to connect Shepherd with such alleged fraud by any proper allegation.

2.    The plaintiffs did not seek to obtain a decree which would affect the rights of the trust company, to which a deed had been made to secure an indebtedness, or the rights of the holder of such indebtedness.    They did not attack this indebtedness, or its priority, but sought to set aside a conveyance of the equity or interest re-

maining in Mrs. Maynard after the making of such deed, and to have a decree rendered which would give them the right, as between Mrs. Maynard, her brother, and themselves, to pursue the remedy pointed out in the statute, whereby creditors may redeem property which has been conveyed for the purpose of securing a debt. Whether or not the trust company would have been a proper party under the allegations and prayers of this petition, it was not a necessary one.

3, 4. The contention set up by the demurrer, that the allegations in regard to the conveyance made by Mrs. Maynard to her two daughters were irrelevant, is not sound in its entirety. It was competent for the plaintiffs to allege that she had conveyed to her two daughters all of her property except the equity or interest remaining in her, which she conveyed to her brother, and which by the petition in this case it is sought to subject to the plaintiffs' executions. Such an allegation was legitimate to show that she had denuded herself of all of her property, and also that the plaintiffs were without adequate remedy and had a right to invoke equitable aid to subject the interest which had been conveyed by the defendant in fi. fa. to her brother. While this is true, as said in the companion case, extended allegations in regard to what the plaintiffs had been able to learn as to whether the daughters had been in business or not, or had inherited money, and the like, were not competent, and should have been stricken on demurrer. Likewise, allegations in regard to the county in which the brother of Mrs. Maynard had lived for many years, the contents of the will of his father, and the details of the settlement of the estate, were not proper to be set forth in extenso in this pleading. If it was intended to charge that he did not pay the consideration set out in the deed to him, and that he had not the means of so doing, it should have been distinctly charged. No discovery was prayed. Under our statute, the cause of action should be plainly, fully, and distinctly set forth. It may not be easy to lay down any fixed rule as to the point where allegations of fact are proper, and where allegations go into the domain of setting out evidence and inferences in detail. But in this case we hold concretely that a number of the plaintiffs' allegations did not raise issues of fact, or make proper statements of fact to elucidate the distinct issue made. Without going into details on this subject, it is sufficient to say that the general grounds of demurrer

should have been sustained, and also the special grounds of demurrer to paragraphs 31, 51, 52, 63 to 69 inclusive, and 71, and to so much of paragraph 30 as related to the daughters of Mrs. Maynard. All the other grounds of the demurrer were properly overruled.          *Judgment reversed. All the Justices concur.*