## COOK *v.* SECURITIES INVESTMENT COMPANY.

No. 11868.   JUNE 18, 1937.

*Lanham & Parker,* for plaintiff in error.

*Wright & Covington,* contra.

BELL, Justice.   The Securities Investment Company, a judgment creditor of J. M. Cook, who had executed a security deed to the Home Owners Loan Corporation, filed a suit in equity against Cook and the loan corporation, seeking the appointment of a receiver for the property conveyed to the loan corporation and a sale of the property by such receiver, on conditions stated in the petition. The defendants demurred generally, and, after the petition was amended, renewed their original demurrers and filed a new demurrer to the petition as amended. The court overruled the demurrers, and the defendants excepted. The petition as amended alleged substantially the following facts:

On September 12, 1936, the plaintiff investment company obtained a judgment against Cook for the total sum of about $2000. Theretofore, on July 26, 1934, the defendant Cook conveyed to the Home Owners Loan Corporation a described tract of land to secure a loan of $3121.95, with interest at the rate of five per cent. per annum. The actual amount of the principal now due on this loan is $2571.71, and there is also due as interest a sum not exceeding $15. The loan, however, was made on the amortization plan, and it would take approximately $3357.84 to pay off the loan together with interest to its maturity, the loan with interest being payable in monthly installments of $24.69 each. Accordingly, the unearned interest amounts to about $780. "Petitioner further alleges, on information and belief, that said property is worth and has a reasonable market value of $4500; and that said Cook is insolvent," and "that said defendant Cook has an equity in said property of a small amount over and above that which may be necessary to pay the debt of the said Home Owners Loan Corporation in full, with interest to its maturity; however, the equity in said property on such basis is so small that if petitioner is required to pay off said loan, together with interest to its maturity, there would remain only a small amount to be applied to petitioner's said execution; whereas, on the other hand, said defendant Cook has a considerable equity in said property, taking into consideration the amount of said principal debt, together with interest accumulated to date, said debt with accumulated interest to date being approximately $2580, and in the event of a sale of said property under the orders of this court, subject to said debt, said property would bring a considerable amount over and above the principal amount of said debt, together with interest to date."

"Petitioner further alleges, on information and belief, that said Home Owners Loan Corporation will not accept from petitioner the principal amount remaining unpaid on said debt, together with interest to date. However, petitioner alleges that it is now ready and willing to pay to the said Home Owners Loan Corporation the principal amount of said debt remaining unpaid, together with interest to this date, or the date on which this hearing or any other hearing in this matter may be had. . . Petitioner shows that if said property is sold at this time, or in the near future, by a receiver appointed by this court, subject to the principal

amount of said debt unpaid, together with interest to date, with the purchaser assuming the balance due on said debt, as the same may mature and fall due, the same will bring at such a sale a considerable sum, approximately $780, more than if said property be sold subject to said debt with unearned and undue installments to the maturity date of said indebtedness, as specified in said security deed; and therefore petitioner would have a considerable sum to apply to its said execution in the event this court should order a sale of said property by a receiver of this court, subject to the balance unpaid on said debt, with interest to date. . . Petitioner shows that said defendant Cook has a considerable equity in said property, which your petitioner is unable to reach by the ordinary processes of law, and which can not be subjected to your petitioner's said debt as represented by said execution unless this court take charge of said property through its receiver and sell the same, subject to said debt with accumulated interest to date. . . Petitioner shows that it has no remedy at law under the facts and circumstances of this case, in order to subject the equity and interest of said defendant Cook in and to said property to your petitioner's said execution, and it brings this suit in equity." There was no averment as to the solvency or insolvency of the plaintiff. The plaintiff prayed that a receiver be appointed to take charge of the property to rent and otherwise handle the same as the court may direct, and that the receiver be authorized to sell the property free of the lien of the security deed, the proceeds to be applied first to the indebtedness to the Home Owners Loan Corporation and next to the execution held by the plaintiff; also, that if the court should not order a sale of the whole title by a receiver, then that the equity be sold, subject "to the principal debt now due said Home Owners Loan Corporation, together with interest accumulated to date, the purchaser to assume the payments of future installments on said debt," and "that such further and other relief be granted to your petitioner as the facts may warrant."

Section 39-201 of the Code provides as follows: "Where any person other than the vendor, or other than the holder or assignee of the purchase-money or secured debt, shall have any judgment against a defendant in fi. fa. who does not hold legal title to property but has an interest or equity therein, such plaintiff in fi.

fa. may take up the debt necessary to be paid by the defendant in order to give such defendant legal title to the property, by paying such debt with interest to date if due, and interest to maturity if not due; and thereupon a conveyance to the defendant in fi. fa., or, if he be dead, to his executor or administrator, shall be made by the vendor or holder of title given to secure the debt, or, if dead, by the executor or administrator thereof; and when such conveyance shall have been filed and recorded, the said property may be levied on and sold as property of the defendant. The proceeds shall be applied, first, to the payment of liens superior to the claims taken up by the plaintiff in fi. fa.; next, to the payment of principal advanced by said plaintiff in fi. fa. to put title in defendant, with interest to date of sale; and the balance to the execution under which said property shall be sold, and to other liens according to priority, to be determined as in other cases of money rules." The plaintiff obtained a judgment against J. M. Cook for the total sum of about $2000, in September, 1936. More than two years previously Cook had conveyed described real estate to the Home Owners Loan Corporation to secure a loan of a little more than $3100, principal. The loan is to run for a long period, and with interest to maturity it will amount to more than $3300. The petition alleged that the property is of the value of $4500, and that Cook is insolvent. For the purposes of the instant case we will treat this allegation as to insolvency as meaning that Cook has no other property against which the plaintiff may proceed for the collection of its judgment. While the petition alleges that the equity of Cook above the principal of the loan with interest to maturity is very small, yet, according to the plaintiff's alleged valuation of the property, Cook's equity will in any event amount to about $1200. The plaintiff alleges in effect, however, that if calculated on the basis of the balance of principal due, with interest to date only, the value of the equity would be increased about $780, and thus actually worth approximately $2000. In these circumstances the plaintiff is praying that the property be placed in the hands of a receiver and sold for the purpose of paying the debt to the Home Owners Loan Corporation, the balance, if any, to be paid to the plaintiff; or that it be sold subject to the principal now due, with interest accumulated to date, "the purchaser to assume the payment of future install-

ments on said debt." It does not appear that the plaintiff is insolvent or unable to comply with the foregoing section of the Code by paying the debt with interest to maturity, and manifestly it would not be benefited by the appointment of a receiver to accomplish indirectly the same financial result. Nor could the Home Owners Loan Corporation be compelled by the court through a receiver to accept the principal with interest to date only, since an order to this effect would impair the contract between it and the borrower, depriving the corporation of future interest for which it has contracted.

This brings us to the alternative prayer for a sale by a receiver, subject to the principal of the secured debt and interest to date, the purchaser to assume the obligation to the Home Owners Loan Corporation. Since the loan corporation could not be compelled, without its consent, to accept an assumption of the debt by the purchaser, we will dismiss from further consideration the portion of the prayer relating to such assumption. The petition is not, however, wholly bad, because it prays for too much. It also contains a prayer for general relief, which is sufficient to cover a sale of the property, subject to the security deed and the outstanding obligations based thereon. *Broderick* v. *Reid,* 164 *Ga.* 474 (2) (139 S. E. 18). The section quoted above was codified from an act of the General Assembly passed in 1894. Ga. L. 1894, p. 101. It was intended to prescribe a remedy for judgment creditors in cases where the legal title to property of which the debtor is otherwise the owner has been reserved or conveyed to secure debt, and for this reason is not subject to levy. *Jarvis* v. *Burke,* 59 *Ga.* 232; *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10). Is the remedy adequate under the facts of the present case? If inadequate, is it yet the sole and exclusive remedy? It appears from the petition that the unearned interest amounts to about $780. A redemption under the terms of the statute would require the payment of the principal sum of the debt with interest to maturity, while in a later settlement with the debtor the plaintiff would be permitted to retain only the principal advanced with interest to date. The phrase "principal sum advanced" necessarily means the *principal* of the debt paid to the loan corporation, and not the whole amount which is paid as principal and interest, in making the redemption. Otherwise, the already burdened debtor would

suffer loss of the unearned interest thus paid to the corporation, besides interest thereon; and hence by such involuntary acceleration would, to the extent of such loss, be virtually deprived of his property without due process of law. The result is that a compliance with this statute by the plaintiff would necessarily entail upon it a loss of the unearned interest, amounting, as stated, to several hundred dollars. Let us suppose, for illustration, that the amount of the plaintiff's judgment is the same amount of the unearned interest, namely $780. In such case a redemption would be utterly futile, because in the final settlement with the debtor the plaintiff would lose the exact amount which it sought to gain. This statute does provide a remedy which should be followed where it is adequate; but clearly it was not intended to prevent the grant of relief on established equitable principles, where, on the facts of a given case, the remedy provided thereby is inadequate. Code, §§ 3-105, 28-103, 37-101, 37-102, 37-120, 37-401, 37-408. Manifestly the legislature did not intend it as the sole and exclusive remedy, where, under its very terms as applied to the facts, the judgment creditor in pursuing it will inevitably sustain loss in a substantial sum. "A statute instituting a new remedy for an existing right does not take away a pre-existing remedy, without express words or necessary implication; the new remedy is cumulative, and either may be pursued." *Southern Ry. Co.* v. *Moore,* 133 *Ga.* 806, 809 (67 S. E. 85, 26 L. R. A. (N. S.) 851).

The plaintiffs in error rely chiefly upon two decisions by this court, namely, *Swift* v. *Lucas,* 92 *Ga.* 796 (19 S. E. 758), and *Virginia-Carolina Chemical Co.* v. *Rylee,* 139 *Ga.* 669 (3) (78 S. E. 27), each holding, in effect, that where land is conveyed by a deed to secure a debt, and the debtor has no other property except his equity in the land, the remedy of another creditor who subsequently obtains a judgment against him is, as a general rule, to redeem the land and otherwise proceed as provided in what is now section 39-201 of the Code. In these cases neither petition averred such a state of facts as we find alleged in the instant petition, and the question now raised was not presented. We can not agree that these decisions are controlling. In *Kidd* v. *Kidd,* 158 *Ga.* 546, 551 (124 S. E. 45), this court, speaking of a security deed, said: "In such an instrument the vendee has the legal title which he holds as security for the payment of the money thereby

secured; and the vendor has an equitable interest in the premises conveyed, which he can sell or to which he can make a valid second security deed, or on which he can create a valid second lien, subject to the paramount right of the original grantee to have all the land appropriated to the payment of his debt. *Williams* v. *Foy Mfg. Co.*, 111 *Ga.* 856 (36 S. E. 927); *Willingham* v. *Huguenin*, 129 *Ga.* 835 (60 S. E. 186); *Owens* v. *Keeney*, 146 *Ga.* 257 (91 S. E. 65); *Beckcom* v. *Small*, 152 *Ga.* 149 (108 S. E. 542); *Cook* v. *Georgia F. & O. Co.*, 154 *Ga.* 41 (113 S. E. 145); *Carter* v. *Johnson*, 156 *Ga.* 207 (119 S. E. 22). A judgment against the vendor in a security deed, obtained after its execution, binds his equitable interest and estate thereby conveyed. *O'Connor* v. *Georgia R. Bank*, 121 *Ga.* 88 (48 S. E. 716); *Sloan* v. *Loftis*, 157 *Ga.* 93 (120 S. E. 781)." While the plaintiff's judgment is a valid lien against the equity of Cook in the land in question, it appears from the petition that this lien can not be enforced at law without a sacrifice of more than a third of the claim. In the circumstances the plaintiff must either make the sacrifice or appeal to a court of equity; and it is our opinion that the petition stated equitable ground for a sale of the property by a receiver subject to the outstanding security deed. This conclusion accords with the decisions in the following cases: *First National Bank of Commerce* v. *McFarlin*, 146 *Ga.* 717 (92 S. E. 69); *Carlton* v. *Reeves*, 157 *Ga.* 602 (122 S. E. 320); *Roach* v. *Terry*, 164 *Ga.* 421 (138 S. E. 902).

Despite the beneficent purposes of the Federal legislation under which the Home Owners Loan Corporation was established, it contains nothing to prevent a sale of the debtor's equitable interest in the property as prayed in the instant case. U. S. C. A., title 12, § 1463. Contrast *Federal Land Bank of Columbia* v. *Blackshear Bank*, 182 *Ga.* 657 (186 S. E. 724). If the security deed or contract between the debtor and the loan corporation contains any exceptional stipulation whereby it would be improper for any reason to grant the equitable relief sought by the plaintiff, this fact should be pleaded as a matter of defense. The petition as amended stated a cause of action, and the court did not err in overruling the general demurrer.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*