DWYER, *alias* WRIGHT, *v.* JONES.

DUCKWORTH, Justice. 1. The petition of a judgment creditor, which sought to sell the equity of redemption in described land belonging to the defendant in fi. fa., which land was subject to a loan deed that was superior to the petitioner's judgment, for the purpose of satisfying the petitioner's judgment, was defective and subject to demurrer in the following particulars: (a) It did not allege that the petitioner had

tendered to the grantee therein the amount represented by the loan deed, nor that the petitioner was insolvent and, hence, unable to tender the same. Code, § 39-201; *Dumas. v. Tyus,* 147 *Ga.* 307 (93 S. E. 894); *Loftis* v. *Alexander,* 181 *Ga.* 358 (182 S. E. 2). (b) It did not allege that the loan deed secured a debt bearing interest to maturity, and that the debt had a long period to run before its maturity. *Cook* v. *Securities Investment Co.,* 184 *Ga.* 544 (192 S. E. 179). (c) There was no allegation that the defendant in fi. fa. did not own a sufficient amount of unencumbered property to satisfy the petitioner's judgment. Thus the petition failed to show that there was not available to the petitioner a remedy at law adequate and sufficient. Code, § 37-120.

2. The petition was not subject to special demurrer because it failed to make the grantee in the loan deed a party to the suit. *Shepherd* v. *Armour Fertilizer Works,* 138 *Ga.* 555 (75 S. E. 585).

3. For the reasons stated above the petition failed to allege a cause of action, and the court erred in overruling the defendant's general demurrer thereto.      *Judgment reversed. All the Justices concur.*

No. 15542. SEPTEMBER 6, 1946.

*Reuben A. Garland* and *William Hall,* for plaintiff in error.
*W. Paul Carpenter* and *George G. Finch,* contra.