## PERRY *v.* HEFLIN *et al.*

CANDLER, Justice.   1. A judgment creditor can not levy his execution on land conveyed by a prior security deed, without first redeeming the land and proceeding otherwise as required by the Code, § 39-201. Nor will equity aid such a junior judgment creditor in subjecting to his lien the property conveyed by the security deed, so as to authorize a relaxation of the general rule, unless peculiar facts are shown, in-

volving established equitable principles, such as would render the remedy at law under the statute inadequate, and would authorize a grant of the equitable relief prayed. *Moncrief Furnace Co.* v. *Northwest Atlanta Bank*, 193 *Ga.* 440 (3) (19 S. E. 2d, 155), and cases there cited. Financial inability of the judgment creditor to pay an outstanding and prior lien created by a security deed, and that the judgment debtor has no other property subject to levy and sale, are such peculiar facts as will authorize a relaxation of the general rule and the granting of equitable relief. *Swift* v. *Lucas*, 92 *Ga.* 796 (19 S. E. 758); *Dwyer* v. *Jones*, 201 *Ga.* 259 (39 S. E. 2d, 313). Demand for payment of unearned interest on a long-term loan as a prerequisite for redemption affords another "peculiar fact" why the general rule may be relaxed. *Cook* v. *Securities Investment Co.*, 184 *Ga.* 544 (192 S. E. 179). In the instant case, the allegations of the petition affirmatively show the financial inability of the plaintiff to redeem the land by paying the prior and existing lien; that the judgment debtor has no property other than her equity in the land conveyed by the security deed; that the payment of unearned interest will be required should redemption be undertaken; and in order to effect a redemption it will be necessary for her not only to pay the obligation of her judgment debtor, but also that of a third party against whom she has no claim.

2. A plaintiff can not reach by garnishment a debt due jointly to the defendant and to one not a party to the case. This rule is based on the doctrine that the plaintiff's rights can not rise higher than those which the defendant had, and as the defendant could not alone have sued on the claim, the plaintiff can not in effect do so by way of garnishment. *Bryant* v. *McCrary*, 40 *Ga. App.* 685 (151 S. E. 236); 38 C. J. S. 269, § 73 (c).

3. Where the allegations of an equitable petition are sufficient to show a cause of action for some of the relief prayed, it should not be dismissed upon grounds of demurrer which are leveled at the petition as a whole. *Terry* v. *Chandler*, 172 *Ga.* 715 (158 S. E. 572).

4. Upon application of the principles announced, the allegations of the petition in the instant case were sufficient to show the plaintiff's right to have the general rule requiring redemption relaxed, and to authorize the grant of the equitable relief prayed. Accordingly, the court erred in sustaining the general demurrer and dismissing the case.

*Judgment reversed. All the Justices concur.*

No. 15765. April 17, 1947.

146

*R. B. Pullen,* for plaintiff.