### 20698. BELL, *alias* HAYES, *et al. v.* ALLIED FINANCE COMPANY.

HAWKINS, Justice. Allied Finance Company, a corporation, brought its petition against Jesse Bell, Rebecca Bell, and Albany Loan Service, which, as amended, alleges that on February 13, 1956, it obtained a judgment against Jesse Bell based upon a homestead waiver note, upon which execution was duly issued and recorded, and upon which there is due plaintiff $1,115.61; that in June, 1956, Jesse Bell and Rebecca Bell jointly purchased a described house and lot, and jointly executed a security deed thereon to Mid-State Investment Corporation for $2,224.32; and that, at the time of the filing

of the suit, there was a balance due on this loan of approximately $1,000, which constituted a first lien on the property; that on August 26, 1958, Jesse Bell filed his voluntary petitition ·in bankruptcy, and on September 5, 1958, his application for homestead exemption was granted by the Referee in Bankruptcy, including a one-half undivided equitable interest in this property; that on September 5, 1958, plaintiffs' attorney put the manager and attorney of the defendant Albany Loan Service on notice of its outstanding judgment against Jesse Bell, and of its intention to proceed against the bankrupt's equitable interest in the real estate; that, notwithstanding this information, Albany Loan Service, on September 10, 1958, made to Jesse Bell and Rebecca Bell a loan of $1,800, and took from them a security deed upon this same property, which recited that it was made subject only to the prior security deed of Mid-State Investment Corporation, Albany Loan Service knowing that said Jesse Bell had no interest in the real property over and above the security deed to Mid-State Investment Corporation and the plaintiff's judgment lien; that the property is worth approximately $2,500, and the balance due to Mid-State Investment Corporation was approximately $1,000 at the time of the filing of the suit, and Jesse Bell's one-half undivided equitable interest in the property is worth approximately $750. It is alleged that the plaintiff has no adequate remedy at law to proceed against the equitable interest of Jesse Bell; that it has no claim against the interest of Rebecca Bell; that since the obligation to Mid-State Investment Corporation is a joint obligation of Jesse Bell and Rebecca Bell, it would not accept payment of one-half of the balance due and execute to Jesse Bell a quit-claim deed to his undivided one-half interest so as to place in him a leviable interest; that the payment to Mid-State Investment Corporation of the $1,000 due it would not discharge all of the indebtedness due on the property, since Jesse Bell and Rebecca Bell jointly executed the later security deed to Albany Loan Service to secure a loan in the sum of $1,800, ·and to· pay both indebtednesses, amounting to $2,800, would exceed the value of the property, which is alleged ·to be approximately $2,500; that the plaintiff did not prove its claim in the bankruptcy proceeding against Jesse Bell on its judgment obtained more than two years before the bankruptcy proceeding was instituted; that Jesse

Bell is totally insolvent and has no other assets except his one-half undivided equitable interest in said real estate, which plaintiff is advised he is attempting to further encumber or dispose of; that Mid-State Investment Corporation is not made a party defendant to the suit, since plaintiff does not dispute its lien on the property or the balance due it thereunder. It is alleged that, under the facts stated in the petition, it would be impossible to subject the equitable interest of Jesse Bell to the plaintiff's judgment lien without the aid of a court of equity, and plaintiff prays: (a) For process (b) that the defendants be restrained and enjoined from assigning, conveying, disposing of, or further encumbering said property; (c) that a receiver be appointed to take custody and control of the interest of Jesse Bell in said real property, and that he be empowered to apply for a partition proceeding; (d) that the receiver be allowed to apply the proceeds of any sale of the equitable interest of Jesse Bell in said property to petitioner's execution as petitioner's interest appears; (e) for a rule nisi; and (f) for all other relief that to the court seems meet and proper.

To the petition defendants Jesse Bell and Rebecca Bell filed separate, but identical, general demurrers upon the grounds: (1) The petition does not set forth any cause of action at law or in equity against this defendant; (2) that to grant the relief prayed for would injure and irreparably damage the rights of Mid-State Investment Corporation; (3) that the plaintiff failed to avail itself of the rights available to it in the bankruptcy proceeding; (4) that the petition fails to show that the homestead set apart to Jesse Bell is worth anything over and above the amounts owed thereon to Mid-State Investment Corporation and Albany Loan Service; and (5) because Mid-State Investment Corporation is not a party to the case. To the judgment overruling these demurrers the defendants Jesse Bell and Rebecca Bell except. *Held*:

1. The grantor in a deed to land executed to secure a debt, under the provisions of Code § 67-1301, retains the right of redemption by payment of the debt, and consequently an equitable estate in the land which may be subjected to the payment of his debts. *Citizens Bank of Moultrie* v. *Taylor*, 155 *Ga.* 416 (117 S. E. 247). See also *Kidd* v. *Kidd*, 158 *Ga.* 546 (124 S. E. 45, 36 A. L. R. 798).

2. The right to a homestead exemption, except as to certain

property not here involved, may be waived by a provision in a promissory note; and if a judgment based on a homestead waiver note is rendered at any time prior to an adjudication in bankruptcy, the lien of such judgment attaches to the homestead exemption and the bankruptcy proceedings do not divest or affect the lien of such judgment. Code § 51-1101; *Rosenthal* v. *Langley,* 180 *Ga.* 253, 264 (179 S. E. 383, 100 A. L. R. 45); *Lyle* v. *Roswell Store, Inc.,* 187 *Ga.* 386 (200 S. E. 702).

3. In the case where a creditor obtains a judgment based on a homestead waiver note, and execution is issued thereon and recorded on the proper execution docket prior to the institution of bankruptcy proceedings by the debtor, and where the bankruptcy court simply sets aside property or an interest therein as a homestead exemption and the judgment is not proved in bankruptcy, and the judgment creditor does not participate in any division of the assets of the bankrupt, the bankruptcy court has nothing further to do with such property, and the holder of the execution may subject it to the satisfaction of his judgment lien. *Lyle* v. *Roswell Store, Inc.,* 187 *Ga.* 386 (1b), supra; *McKenney* v. *Cheney,* 118 *Ga.* 387 (45 S. E. 433).

4. While ordinarily the holder of a junior judgment against the grantor in a security deed cannot enforce his lien against the interest of the grantor in the land conveyed without redemption by first paying in full the secured debt (Code § 39-201; *Kidd* v. *Kidd,* 158 *Ga.* 546, 552, supra; *Dwyer* v. *Jones,* 201 *Ga.* 259, 39 S. E. 2d 313), where, as here, the equitable petition of the junior judgment creditor shows that the defendant in execution owned only a one-half undivided interest in the property conveyed by the security deed executed by such debtor and the other defendant as joint owners to secure the joint debt of the makers; that the plaintiff judgment creditor has no lien against the undivided interest of such joint owner; that the equitable estate or interest of the defendant in execution in the land covered by the security deed was set aside to the defendant in execution as a homestead exemption in a voluntary bankruptcy proceeding filed by the defendant in execution; that, subsequently to the setting aside of such homestead, he and his co-owner executed the second loan deed subject to the first covering the same land to still another party to secure a debt of the joint owners, which

second deed as to the interest of the defendant in execution is inferior to the lien of the plaintiff's judgment based on a homestead waiver note; that the two debts secured by the two loan deeds exceed the value of the property therein described; that the property is worth approximately $2,500, and after the payment of the balance of $1,000 due to the holder of the first security deed, the equitable estate or interest of the defendant in execution has a value of approximately $750; that he is insolvent, and has no other assets—the petition shows such peculiar facts as would render the plaintiff's remedy at law inadequate and entitle it to the aid of a court of equity in subjecting the interest of the defendant in execution in the property covered by the security deeds to the payment of its judgment. See, in this connection, *Roach v. Terry*, 164 *Ga.* 421 (138 S. E. 902); *Cook v. Securities Investment Co.*, 184 *Ga.* 544 (192 S. E. 179).

5. Since the petition does not attack, but admits the validity and superiority of the security deed held by Mid-State Investment Corporation as to the balance due on the indebtedness secured thereby, and does not seek to affect the rights of the holder thereof, the petition was not demurrable at the instance of the plaintiffs in error on the ground that the grantee in the security deed was not made a party defendant. *Shepherd v. Armour Fertilizer Works*, 138 *Ga.* 555 (75 S. E. 585); *Dwyer v. Jones*, 201 *Ga.* 259 (39 S. E. 2d 313).

6. Under the foregoing rulings, the petition stated a cause of action, and the trial judge did not err in overruling the general demurrers thereto.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 10, 1959—DECIDED JANUARY 8, 1960.

*Frank F. Faulk, Jr.,* for plaintiffs in error.
*Sara L. Hitchcock,* contra.