### 39811. HAMPTON v. GWINNETT BANK & TRUST COMPANY.

MARSHALL, Presiding Justice.

This suit was brought by Gwinnett Bank & Trust Company against Charles William Hampton in November of 1981. In 1979, the bank acquired a judgment against him in an amount over $30,000. In this suit, the bank is seeking to enjoin Hampton, who is insolvent, from transferring the only property owned by him to satisfy the bank's judgment. The bank also seeks appointment of a receiver to sell the property subject to existing indebtednesses thereon. The superior court entered judgment in the bank's favor. Hampton appeals.

The subject property is Hampton's residence. It has a market value of approximately $70,000, and is subject to two loan deeds: a 1967 loan deed securing an indebtedness in the amount of $23,700, with an interest rate of 7%; and another 1967 loan deed securing an indebtedness in the amount of $4,500, with an interest rate of 7 1/2%. These two loan deeds are assumable.

In 1978, Hampton executed a warranty deed conveying this property to E.T.A. Engineers, Inc., a Panamanian corporation. E.T.A. has in turn conveyed the property to a trust, the address of which is Hampton's residence. However, the 1978 warranty deed was not recorded until 1982.

The general rule under OCGA § 9-13-60 (Code Ann. §§ 39-201, 39-202) is that a judgment creditor satisfy any indebtedness on property in which the judgment debtor has an equitable interest prior to levy and sale. "The section quoted above was codified from an act of the General Assembly passed in 1894. Ga. L. 1894, p. 101. It was intended to prescribe a remedy for judgment creditors in cases where the legal title to property of which the debtor is otherwise the owner has been reserved or conveyed to secure debt, and for this reason is not subject to levy. *Jarvis v. Burke,* 59 Ga. 232; *Shumate v. McLendon,* 120 Ga. 396 (48 SE 10)." *Cook v. Securities Investment Co.,* 184 Ga. 544, 548 (192 SE 179) (1937). "A judgment creditor can not levy his execution on land conveyed by a prior security deed, without first redeeming the land and proceeding otherwise as required by [OCGA § 9-13-60 (Code Ann. §§ 39-201, 39-202)]. Nor will equity aid such a junior judgment creditor in subjecting to his lien the property conveyed by the security deed, so as to authorize a relaxation of the general rule, unless peculiar facts are shown, involving established equitable principles, such as would render the remedy at law under the statute inadequate, and would authorize a grant of the equitable relief prayed. *Moncrief Furnace Co. v. Northwest Atlanta Bank,* 193 Ga. 440 (3) (19 SE2d 155), and cases there cited. Financial inability of the judgment creditor to pay an outstanding and prior lien created by a security deed, and that the judgment debtor has no other property subject to levy and sale, are such peculiar facts as will authorize a relaxation of the general rule and the granting of equitable relief. *Swift v. Lucas,* 92 Ga. 796 (19 SE 758); *Dwyer v. Jones,* 201 Ga. 259 (39 SE2d 313). Demand for payment of unearned interest on a long-term loan as a prerequisite for redemption affords another 'peculiar fact' why the general rule may be relaxed. *Cook v. Securities Investment Co.,* 184 Ga. 544 (192 SE 179)." *Perry v. Heflin,* 202 Ga. 143 (1) (42 SE2d 378) (1947).

The bank argues that it is necessary to appoint a receiver to sell the property subject to the two loan deeds; otherwise, the sale of the

property in satisfaction of the bank's judgment will have to be financed at approximately double the interest rate on the two loan deeds, thereby harming both Hampton and the bank (as well as the holders of other judgments against Hampton, which are senior to the bank's judgment). Hampton argues that this does not constitute grounds for dispensing with the general rule, and Hampton complains of the trial court's failure to require E.T.A. to be joined as a party.

1. As previously stated, it has been held that the general rule may be relaxed where there is a demand for payment of unearned interest on a long-term loan as a prerequisite for redemption. *Cook v. Securities Investment Co.,* supra. For the same reason, we agree with the superior court that the general rule may also be relaxed where, as here, the existing indebtedness on the property is assumable, and there is a wide disparity between the interest rate payable on such indebtedness and the interest rate at which any subsequent sale of the property would have to be financed.

2. In view of the fact that the warranty deed to E.T.A. was not recorded until after the institution of this suit, in addition to the fact that the property has since been conveyed to a trust, the address of which is Hampton's residence, there was no compelling reason for the superior court to order E.T.A. joined as a party. See generally *Peoples Bank v. N. C. Nat. Bank,* 230 Ga. 389 (197 SE2d 352) (1973).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 1983.

*Smith & Chapin, Orville L. Chapin,* for appellant.
Charles William Hampton, *pro se.*
*William J. Porter, Jr.,* for appellee.