**In the Matter of Charles W. FOSTER, Debtor.**

**Charles W. FOSTER, Plaintiff,**

v.

**FARMERS AND MERCHANTS BANK OF EATONTON, Jim Leathers, Jr., and Bob Leathers, Defendants.**

**Bankruptcy No. 88–52504.**
**Adv. No. 89–5042.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Sept. 29, 1989.

---

**9.** 11 U.S.C.A. § 522(h) (West Supp.1989).

**10.** 11 U.S.C.A. § 547 (West 1979 & Supp.1989).

Joel D. Burns, Milledgeville, Ga., for Charles W. Foster.

Bruce M. Hofstadter, Macon, Ga., for Jim Leathers, Jr. and Bob Leathers.

T. Baron Gibson, II, Macon, Ga., for Farmers and Merchants Bank of Eatonton.

## MEMORANDUM OPINION ON MOTION FOR ABSTENTION

ROBERT F. HERSHNER, Jr., Chief Judge.

Charles W. Foster, Debtor, Plaintiff, filed an adversary proceeding on June 16, 1989, urging the Court to set aside the foreclosure of a deed to secure debt on his property by Farmers and Merchants Bank of Eatonton, Defendant, ("Farmers and Merchants Bank"). This foreclosure was conducted pursuant to a consent order filed March 16, 1989. Plaintiff contends that legal advertisement of the nonjudicial foreclosure was defective and chilled the bidding. The adversary proceeding also names Jim Leathers, Jr., and Bob Leathers as Defendants. Defendant Jim Leathers,

Jr., is the alleged purchaser of Plaintiff's property at the foreclosure sale. Jim and Bob Leathers filed their answer on July 13, 1989. Farmers and Merchants Bank filed its answer and "Motion for Abstention" on July 28, 1989.[1]

A pretrial conference was held on August 14, 1989. The Court invited all parties to submit letter briefs concerning the Motion for Abstention. The Court now publishes its decision on this issue.

Plaintiff executed a promissory note and a deed to secure debt in favor of Farmers and Merchants Bank on July 29, 1987. The property conveyed included Plaintiff's home and business. Plaintiff defaulted on the promissory note. Farmers and Merchants Bank was beginning a nonjudicial foreclosure when Plaintiff filed his petition under Chapter 13 of the Bankruptcy Code on December 9, 1988. Plaintiff filed his Chapter 13 plan on December 20, 1988. Plaintiff's plan proposed to sell the business portion of his property in order to pay his debt to Farmers and Merchants Bank. Plaintiff's home and vacant land would be released from the security deed. Farmers and Merchants Bank filed an objection to the plan on February 16, 1989.

A consent order was filed on March 16, 1989. The order gave Plaintiff until April 30, 1989, to sell all or part of the property. The proceeds were to be used to satisfy the debt to Farmers and Merchants Bank. The order granted Farmers and Merchants Bank relief from the automatic stay to foreclose on Plaintiff's property. The relief, however, did not take effect until May 1, 1989, to allow Plaintiff an opportunity to sell the property.

Plaintiff failed to sell the property or pay his debt to Farmers and Merchants Bank. Farmers and Merchants Bank placed a legal notice advertising a foreclosure on Plaintiff's property on May 4, 1989. Plaintiff contends that the legal notice did not comply with state law.[2] Farmers and Merchants Bank conducted a foreclosure sale

---

1. The Court granted Farmers and Merchants Bank an extension of time to file its response.

2. Georgia law requires the legal notice to be published once a week for each of the four weeks immediately preceding the sale. *See* O.C.G.A. § 9–13–141 (1982).

**748**

on June 6, 1989. Jim Leathers, Jr., placed the highest and best bid at the sale.

The Court has continued Plaintiff's confirmation hearing six times in order to give Plaintiff time to work out problems concerning this property.

Farmers and Merchants Bank and Jim and Bob Leathers contend that the validity of a nonjudicial foreclosure sale is not a core proceeding. Plaintiff contends that this is a core proceeding under the catchall provision of section 157(b)(2)(0) of Title 28 of the United States Code Annotated[3], which provides: "the liquidation of assets of the estate or the adjustment of the debtor-creditor ... relationship...."

Farmers and Merchants Bank questions whether the Court has subject matter jurisdiction to hear the issues presented in Plaintiff's complaint. Farmers and Merchants Bank and Jim and Bob Leathers contend that even if the Court hears the complaint and finds the foreclosure proceeding fatally defective, that the Consent Order lifting the stay has removed Plaintiff's property from the bankruptcy estate.

This Court disagrees. The United States Court of Appeals for the Eleventh Circuit in *Jim Walter Homes, Inc. v. Saylors (In re Saylors)*,[4] recently stated:

The jurisdiction of the bankruptcy court derives from that of the district court, *see* 28 U.S.C. § 157(a)–(b)(1), which has exclusive jurisdiction over "all of the property, wherever located, of the debtor as of the commencement of [the] case, and of property of the estate." *Id* § 1334(d). With certain exceptions not applicable here, the property of the debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

869 F.2d at 1436–37.

 The Eleventh Circuit continued, stating that the lifting of the automatic stay only gives the mortgagee the right to foreclose. Until a foreclosure sale takes place, the mortgagor still has his equitable

right of redemption. This redemption right is a property right sufficient to give the bankruptcy court jurisdiction over a debtor's mortgaged property. 869 F.2d at 1437.

The Georgia Supreme Court, in *Bell v. Allied Finance Co.*[5] held:

The grantor in a deed to land executed to secure a debt, under the provisions of Code, § 67–1301, retains the right of redemption by payment of the debt, and consequently an equitable estate in the land which may be subjected to the payment of his debts. (Citations omitted).

215 Ga. at 633, 112 S.E.2d at 611.

 A valid foreclosure sale under a power of sale in a security deed, when properly advertised and conducted, extinguishes the right of redemption. *Gooden v. Buffalo Savings Bank (In re Gooden)*, 21 B.R. 456, 458 (Bankr.N.D.Ga.1982); *see also* G. Pindar, *Georgia Real Estate Law and Procedure* § 21–89 (3d ed.1986). Plaintiff contends, however, that the foreclosure sale was not properly advertised and is void.

Plaintiff's property is the only substantial asset, other than his future earnings, in this Chapter 13 case. Plaintiff had an equitable interest in the property at the commencement of the case. Plaintiff's home and business are located on this property. Plaintiff's home appears to be necessary to his rehabilitation. Without the property, there may be no distribution to unsecured creditors. The Court is persuaded that Plaintiff continues to have a claim to this property and that the Court has jurisdiction to determine the claim.

 Farmers and Merchants Bank and Jim and Bob Leathers also argue that the Court should abstain from exercising jurisdiction over Plaintiff's complaint. Abstention can be mandatory or discretionary. The provision dealing with mandatory abstention is found in 28 U.S.C.A. § 1334(c)(2) (West Supp.1989). Three requirements

---

**3.** 28 U.S.C.A. § 157(b)(2)(0) (West Supp.1989).

**4.** 869 F.2d 1434 (11th Cir.1989).

**5.** 215 Ga. 631, 112 S.E.2d 609, 611 (1960).

must be met before a court must abstain under this provision:

(1) The case is based on a state law claim or cause of action which although related to a Title 11 case did not arise under Title 11 or out of a Title 11 case;

(2) The case could not have been commenced in federal court absent the fact of a bankruptcy petition; and

(3) The action *is commenced* and can be timely adjudicated in a state forum of appropriate jurisdiction.

*Cooper v. Coronet Insurance Co.* (*In re Boughton*), 60 B.R. 373, 375 (N.D.Ill.1986).

It is readily apparent that mandatory abstention does not apply in the case at bar. No legal action has been commenced in a state court tribunal. The Court finds therefore that mandatory abstention is not required.

▆ Section 1334(c) also contains a provision for discretionary abstention which states:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C.A. § 1334(c)(1) (West Supp.1989).

Farmers and Merchants Bank urges the Court to abstain, contending that the issues presented deal solely with state law concerning the nonjudicial sale of property in which state courts have a high degree of expertise and experience. Farmers and Merchants Bank contends that the issue of irregularity in a legal advertisement has rarely been interpreted by state appellate courts and that comity and judicial economy would best be served by abstention. Farmers and Merchants Bank also contends that, by granting it relief from the automatic stay, the Court left state law to control the foreclosure. Finally, Farmers and Merchants Bank contends that the outcome of the litigation will have little, if any,

effect on the bankruptcy case because there is no guarantee that a second foreclosure sale will bring a higher sales price. Jim and Bob Leathers make similar arguments in their brief.

Bankruptcy courts have considered a number of factors other than the broad outline provided by section 1334(c)(1) in deciding whether to exercise discretionary abstention. *See, e.g., National Union Fire Insurance Co. of Pittsburg v. Titan Energy, Inc.* (*In re Titan Energy, Inc.*), 837 F.2d 325, 333 (8th Cir.1988) (whether the action could have commenced in federal court absent bankruptcy jurisdiction and whether the issues can be timely adjudicated in state court); *Earle Industries, Inc. v. Circuit Engineering, Inc.* (*In re Earle Industries, Inc.*), 72 B.R. 131, 133–34 (Bankr.E.D.Pa.1987) (whether there exist unsettled issues of law and concerns of case administration and judicial economy); *In re Boughton*, 60 B.R. at 377 (whether the outcome of the proposed litigation will have any effect on the estate).

The court in *Republic Readers Service, Inc. v. Magazine Service Bureau, Inc.* (*In re Republic Readers Service, Inc.*),[6] listed the following twelve factors which the court considered in deciding whether to abstain:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the

**6.** 81 B.R. 422 (Bankr.S.D.Tex.1987).

burden of my docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

81 B.R. at 429.

In the case at bar, Plaintiff urges the Court to set aside a foreclosure sale because the legal advertisements allegedly failed to conform to state law requirements. Plaintiff contends this alleged defect chilled the bidding. The Court has considered the following factors in reaching its decision on Farmers and Merchants Bank's motion for abstention.

The alleged defective foreclosure proceeding "arose out of" a consent order entered by this Court. Plaintiff's property is the only substantial asset, other than his future earnings, in this bankruptcy case. Plaintiff's home and business are located on the property. The resolution of this issue is likely to have a significant impact on Plaintiff's ability to fund his Chapter 13 plan. Plaintiff does not guarantee that a second foreclosure sale will bring a higher sales price. If required, a second sale, however, may yield funds for distribution through Plaintiff's plan for the benefit of his unsecured creditors.

Foreclosure and bankruptcy are frequently companions. Plaintiff's bankruptcy petition was precipitated, in part, by the initiation or the threat of a foreclosure proceeding. Thus, the foreclosure is closely related to the main bankruptcy case. Bankruptcy courts routinely interpret state law in order to resolve disputes in bankruptcy cases. *In re Wilson*, 85 B.R. 722, 727 (Bankr.E.D.Pa.1988). This Court is frequently called upon to construe state property laws and is capable of resolving the issue presented.

Although state law prescribes the method for conducting a foreclosure, Plaintiff's equity of redemption rights constitute property protected by the due process clause of the Fifth Amendment of the United States Constitution.[7] *Federal Deposit Insurance Corp. v. Morrison*, 747 F.2d 610, 614 (11th Cir.1984), *cert. denied*, 474 U.S. 1019, 106 S.Ct. 568, 88 L.Ed.2d 553 (1985). There is, thus, significant federal interest in the protection of Plaintiff's redemption rights.

The timely resolution of this issue is required to properly administer Plaintiff's bankruptcy case. Plaintiff's confirmation hearing has been postponed six times in order to give Plaintiff the opportunity to resolve problems with this property. This Court's calendar will allow the issue to be heard almost immediately. No related proceeding has been commenced in state court. Abstention may significantly hamper the prompt handling of Plaintiff's case. The Court is mindful that section 1334(a) and (b) of Title 28 of the United States Code Annotated[8] represents a studied congressional decision to broaden bankruptcy jurisdiction in order to bring into one forum all matters related to the bankruptcy case. *In re Earle Industries, Inc.*, 72 B.R. at 134. Timely adjudication of this issue is necessary prior to Plaintiff's confirmation hearing and for the earliest possible distribution to unsecured creditors.

Finally, Farmers and Merchants Bank and Jim and Bob Leathers contend that the Court should abstain because of the presence of Jim and Bob Leathers. Jim and Bob Leathers also contend that certain questions of fact would be determined by a jury in a state court.

Abstention has been denied in an action in which neither party was a debtor or trustee when the outcome would affect the rights of an unsecured creditor. *See John P. Maguire & Co., Inc. v. Riblet Products Corp. (In re Lewis Carpet Mills, Inc.)*, 15 B.R. 173 (Bankr.N.D.Ga.1981). If Jim and Bob Leathers are entitled to a jury trial in federal court, then this Court can accommodate them. *See Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727, 730 (M.D.Ga.1985) (Bankruptcy court has

---

7. U.S. Const. amend V.

8. 28 U.S.C.A. § 1334(a) and (b) (West Supp. 1989).

same authority as district court to conduct jury trials). The outcome of the foreclosure issue will have a significant impact on this bankruptcy case.

The Court is not persuaded that Farmers and Merchants Bank and Jim and Bob Leathers have shown sufficient facts to warrant discretionary abstention. For the reasons set forth above, the Court will deny Farmers and Merchants Bank's motion for abstention.

An order in accordance with this memorandum opinion will be entered this date.