## A93A1871. ACORD v. JONES.
(440 SE2d 679)

JOHNSON, Judge.

Acord appeals from the trial court's grant of Jones' motion for judgment on the pleadings.

Acord gave Jones two promissory notes which were secured by real property. The interest-bearing notes, which were payable in monthly installments and matured in five and ten years, were silent on the issue of prepayment. Acord attempted to pay them off prior to maturity by tendering the outstanding principal plus accrued interest. Jones refused the tender, maintaining that the notes did not allow prepayment and that, even if they did, the amount tendered did not cover the full indebtedness since it did not include unaccrued interest. Acord filed suit to force cancellation of the notes and security deeds since he had tendered what he considered to be the full amount due. Acord filed a motion for summary judgment and/or for judgment on the pleadings. Jones apparently filed a cross-motion for judgment on the pleadings. The trial court denied Acord's motion and granted judgment on the pleadings to Jones. Acord appeals. We reverse the trial court's decision.

In his sole enumeration of error, Acord contends that the trial court erred in holding that the terms of the contract did not allow prepayment. He argues that because the notes contain the phrase

"[i]f not sooner paid,"[1] there is the implication that the notes may be paid prior to maturity. Neither party has cited, and our research has failed to uncover, any cases in which Georgia courts have been called upon to decide whether that language has the effect of allowing prepayment, and if so, whether the lender would be entitled to recover unearned interest.

"In construing contracts . . . the language used must be afforded its literal meaning and plain ordinary words given their usual significance." (Citations and punctuation omitted.) *Twin Oaks Assoc. v. DeKalb Venture, Ltd.*, 190 Ga. App. 854, 855 (1) (380 SE2d 469) (1989). In its plain ordinary sense, the phrase "if not sooner paid" clearly contemplates the possibility of early repayment. Further, the phrase would have to be construed against Jones as the drafter. *Roswell Properties v. Salle*, 208 Ga. App. 202, 206 (3) (430 SE2d 404) (1993). Thus, we hold that Acord was entitled to prepay the indebtedness.

However, the issue of whether unaccrued interest can be required as part of the prepayment remains. In the absence of a contractual provision addressing the issue, we must apply existing law. See *State Farm &c. Ins. Co. v. Hodges*, 111 Ga. App. 317, 321 (141 SE2d 586) (1965); *Jenkins v. Morgan*, 100 Ga. App. 561 (112 SE2d 23) (1959). The trial court and Jones rely upon *Cook v. Securities Investment Co.*, 184 Ga. 544 (192 SE 179) (1937), for the proposition that the payee of an installment note cannot be compelled to accept prepayment of the principal with interest to date only. Id. at 548. A careful reading of that case, however, reveals that it is not dispositive of the issues in the instant case. We note that what Jones refers to as the holding in *Cook* is merely dicta. There is nothing in the opinion in *Cook* which indicates that that case involved language comparable to the "if not sooner paid" phrase in the contracts which are the subject of the instant case. *Cook* involved the rights of a judgment creditor where legal title to the property of the debtor had been conveyed to a third party to secure a debt to the third party; accordingly, that case was decided pursuant to § 39-201 of the Code (now OCGA § 9-13-60), a section which is inapplicable here. Id. at 546-548.

Since *Cook* was decided 56 years ago, we have held that a contract which provides for the payment of purchase money notes "on or before maturity" does allow the maker to pay principal plus accrued interest at any time prior to maturity and relieves the maker of hav-

---

[1] The notes set forth the amount borrowed, interest rates, dates and amounts of installments and provide for payment of "a like amount on the same day of each succeeding month thereafter to be applied first to any interest due, then to principle [sic] until the total of said indebtedness shall be paid in full. *If not sooner paid* the total balance due hereunder shall be paid at the expiration of Ten years from date."

ing to pay unearned interest. *Kuttner v. May Realty Co.*, 220 Ga. 163, 164 (137 SE2d 637) (1964). In addition, the legislature has enacted several statutes, such as the Motor Vehicle Sales Finance Act (OCGA § 10-1-30 et seq.), the Retail Installment & Home Solicitation Sales Act (OCGA § 10-1-1 et seq.), and the Industrial Loan Act (OCGA § 7-3-1), all of which, among other things, relieve consumers of the obligation to pay unearned interest when debts are paid off prior to maturity. While not applicable here, these statutes do show consistent recognition of a public policy in favor of allowing prepayment of loans without penalty. To require payment of unearned interest in this case would effectively impose a prepayment penalty where none has been contemplated by the terms of the contracts. The law does not favor penalties. See generally *Southern Guar. Corp. v. Doyle*, 256 Ga. 790, 792 (353 SE2d 510) (1987); *Wasser v. C & S Nat. Bank*, 170 Ga. App. 872, 873 (318 SE2d 518) (1984). We hold that, in the absence of an express contractual provision to the contrary, a maker may prepay principal plus accrued interest, without being required to tender unaccrued interest or pay any other penalty. Because Acord was entitled to prepay the debts and since he made a valid tender, Jones was required to accept the payment as satisfaction of the debts and cancel the security deeds.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 18, 1994.

*Vansant, Corriere, McClure & Dasher, Alfred N. Corriere*, for appellant.

*Clarence A. Miller*, for appellee.