BUDCO, INC., Plaintiff-Appellant,

v.

THE BIG FIGHTS, INC.,
Defendant-Appellee.

No. 342, Docket 78–7408.

United States Court of Appeals,
Second Circuit.

Argued Nov. 30, 1978.
Decided Feb. 21, 1979.

H. Donald Busch, Bala Cynwyd, Pa. (Harry Norman Ball, Philadelphia, Pa., of counsel), for plaintiff-appellant.

Gruber & Gruber, P.C., New York City (Irving M. Gruber, New York City, of counsel), for defendant-appellee.

Before MOORE, FRIENDLY and GURFEIN, Circuit Judges.

PER CURIAM:

In this contract action brought under diversity jurisdiction, plaintiff Budco, Inc. ("Budco"), appeals from an order entered on July 10, 1978, dismissing its complaint. We reverse and remand to allow discovery and amendment of the complaint.

The complaint (originally brought in the United States District Court for the Eastern District of Pennsylvania and transferred on defendant's motion to the Southern District of New York), in substance, alleges the following. Budco, a Pennsylvania corporation, owns and operates a number of motion picture theatres in the Philadelphia metropolitan area. Defendant The Big Fights, Inc. ("Big Fights"), a New York corporation, is engaged in the business of licensing boxing match films to movie theatre operators. On or about September 28, 1976, Budco and Big Fights entered into a series of individual license agreements whereby Big Fights granted Budco a license to exhibit the official motion picture of the Muhammed Ali-Ken Norton heavyweight championship fight on September 28, 1976. The total license fee agreed upon was $16,500.

The agreements contained the following provision:

IMPORTANT: No publicity or advertising of this theatrical showing of the Motion Pictures of the Ali-Norton 3rd Fight shall be made by EXHIBITOR, or anyone else, nor shall there be any public announcements whatsoever until after the Ali-Norton fight has taken place. This provision shall be deemed a material condition of this License Agreement. (Note: There will be no Network Home Television of the fight—although there may be CATV or Pay TV showings—until after November 18, 1976.)

By subsequent agreement, the date before which there was to be no network home television showing was advanced to October

21, 1976, in consideration for which Big Fights refunded $8,250, representing half of the original licensing fee.

According to the complaint, both parties recognized that any public announcement of a proposed network home exhibition of the fight would destroy the commercial value of the licensing contract. However, as early as September 29, October 2, and October 3, 1976, the local outlet for Columbia Broadcasting System ("CBS") made public announcements that the fight would be shown in its entirety over network home television on October 22, 1976. Budco alleges that in connection with some of these public announcements, Round 15, allegedly the most controversial round of the fight, was shown in its entirety. Budco claims that as a result of these broadcasts, the commercial value of the exhibition of the motion picture was destroyed. Budco alleges it expended over $10,000 in advertising costs, which was not recovered from the exhibitions.

Plaintiff Budco instituted suit, seeking recovery on the theory that Big Fights had either breached the licensing agreement or, in the alternative, that the purpose of the agreement had been wholly frustrated as a consequence of the announcements by a third party. Judgment was sought in excess of $18,500, the exact amount to be determined at trial. Judge Owen granted defendant's Rule 12, Fed.R.Civ.P. motion to dismiss for failure to state a claim. The court dismissed the breach of contract claim because it failed to allege a breach on the part of defendant and dismissed the frustration claim for lack of subject matter jurisdiction, after finding that the amount recoverable under that claim did not exceed $10,000.

■ The issue before this court is whether Budco has alleged a breach on the part of Big Fights sufficient to withstand the motion to dismiss. On a motion to dismiss a complaint, all facts and all inferences reasonably deducible therefrom are to be construed in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). There can

be little doubt but that the public announcements by CBS had a detrimental effect upon Budco's theatrical showings. However, plaintiff Budco must show the non-performance of a duty which Big Fights assumed either expressly, impliedly, or unintentionally. *See* 4 Corbin on Contracts §§ 943–44.

■ Budco advances two potentially meritorious arguments: (1) the use of the film clip of the controversial Round 15 in connection with the CBS television advertisement constituted a showing "of the fight" in violation of this specific provision; and (2) defendant Big Fights' breach of a covenant of good faith and fair dealing, implied in all contracts, that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract". *Kirke La Shelle Co. v. Paul Armstrong Co.,* 263 N.Y. 79, 87, 188 N.E. 163, 167 (1933). If this provision is given its literal meaning, the televising of a substantial and controversial part of the fight by way of an advertisement could conceivably constitute a violation of the covenant, which is in the nature of a warranty, that there shall be *no* network home television of the fight. Even if the provision restricting home television is not treated as a strict warranty, Budco might be able to show that there was an agreement between Big Fights and CBS whereunder Big Fights could control the television advertising dates.

Thus, we reverse the order dismissing the complaint and remand the action to the district court for trial or to allow Budco, if it so desires, to amend its complaint and proceed by discovery to the point where either a trial or an appropriate summary judgment motion would lie. Under Rule 15(a), leave to amend "shall be freely given when justice so requires". Fed.R.Civ.P. 15(a). *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Rich v. New York Stock Exchange,* 522 F.2d 153, 158 (2d Cir. 1975). Budco should have the opportunity to develop whatever proof is available so that it may offer evidence to support its claims. A reading of the many

factual allegations in the defendant's motion papers indicates that this controversy should not be disposed of on the pleadings or without further development of the facts.