**In re JACK HUDSON, INC., Debtor.**

**JACK HUDSON, INC., a Nevada Corporation, First National Bank of Nevada, a Nevada Corporation, Plaintiffs,**

v.

**RENO/SPARKS INDIAN HOUSING AUTHORITY et al., Defendants.**

**Bankruptcy No. 80–00420.**
**Adv. No. 80–0034.**

United States Bankruptcy Court, Nevada.

Sept. 12, 1980.

**154**

David R. Belding, Stephen R. Harris, Reno, Nev., for plaintiffs.

David R. Houston, Sparks Indian Housing Authority, Reno, Nev., for defendants.

Michael Goldon, Reno, Nev., for Yerington Tribe.

Sherley Smith, U.S. Attys. Office, Reno, Nev., for Dept. of Housing and Urban Development.

## OPINION AND DECISION

BURT M. GOLDWATER, Bankruptcy Judge.

The issue was raised in this case in a very peculiar way. The issue was raised in chambers and then in filing an opposition to the preliminary injunction and the debtor's standing. I consider that more or less of a motion under FRCP 17(a) adopted by Bankruptcy Rule 717.

I am not used to non–pleadings; and I am not used to some of these unorthodox procedures, but this is how it was raised. So, I am treating it as a motion under Rule 17(a).

Rule 17(a) requires actions to be brought in the name of the real party in interest.

It is contended here essentially that there is no right to bring the action on two contracts because the contracts were made with another corporation of the same name incorporated in New Mexico.

As I view the facts, the Reno/Sparks Indian Tribe Housing Authority entered into a contract for development and delivery of 20 houses and lots on September 15, 1978 with Jack Hudson, Inc., a New Mexico corporation.

Steve and Hudson, a Nevada corporation entered into a same–type of agreement for 30 units with Yerington Tribe in Yerington on January 26, 1979.

Those are the two basic contracts.

Both agreements are to be funded through HUD as a reimbursement and paid for, although the contractor has to fund construction. They provide and prohibit against assignment without the consent of the Tribes and HUD.

Both contracts were assigned to the First National Bank for financing on January 24, 1979 with consent of HUD and the Tribes.

Those assignments provide that they are subject to the claims of materialmen and others; and that the performance is to be done by the original promissors.

The testimony in support of the position of the Plaintiff is that the financing with the First National Bank required a Nevada corporation to perform the contracts. A Nevada corporation was agreed to by the chief proponent of the contracts, Mr. Hudson; and a corporation of Jack Hudson, a Nevada corporation was formed August 19, 1979.

Looking towards the formation of a Nevada corporation to perform the contracts, the following was done: As to the Yerington contract, Mr. and Mrs. Steve Hudson on July 24, 1979 (the same day the note to the bank was signed), as officers, directors and stock holders resigned and gave all their right, title and interest to Jack Hudson personally. On August 9, 1979, before the de jure corporation was formed, a resolution (misdated 1978) by Steve and Hudson, Inc. assigned the Yerington contract to Jack Hudson, Inc. On August 9th (the same day misdated 1978) Jack Hudson, Inc. of Nevada agreed to accept the assignment and to perform the contract. On August 21, 1979 the Yerington Tribe approved the assignments. That was after the formation of the corporation, and with knowledge of the contents and the resolutions.

The contention is made that the resolutions were signed by a non—officer and that the resolutions are ineffective.

As to the Reno Tribe contract there was no direct assignment or transfer to Jack Hudson of Nevada.

The Nevada corporation opened an office in Reno and both contracts were funded by payment from the monies from the First National Bank. The contracts have been concluded except for punch lists, warranties and unpaid claims. The Nevada corporation was to receive funding and to perform the work.

The issue under Rule 17(a) of the Federal Rules of Civil Procedure is that all actions must be brought in the name of the real party in interest.

█ A study of that rule shows that the real party in interest isn't always the party to the contract. The purpose is to prevent the prosecution of the action by persons who have no right, title or interest in the cause and to require the actual party for relief to prosecute the cause, to avoid the multiplicity of litigation and to protect the defendants from the same demands and to avail the defendants of counter claims against the real party in interest, so that there will be full protection.

The arguments of the defendants may be boiled down as follows: Defendants did not deal with Jack Hudson of Nevada because it was not named in the contracts. One contract was New Mexico Jack Hudson.

The Reno contract was not assigned to J. H. of Nevada. If it was deemed assigned, the assignment was never approved under Section 25.

The Nevada corporation was not even in existence until after the bank loans.

The Yerington contract was assigned before there was a Nevada corporation, and the officer who signed the resolution was not an officer.

The second thing, the defendants were prejudiced because they do not know of a Jack Hudson of Nevada and they have counterclaims which they may want to assert against Jack Hudson of Nevada and they believe it insolvent.

Third, they cannot have dealt with Jack Hudson of Nevada because it did not exist at any time the pertinent documents were executed.

And four, the pleadings do not commit them to an estoppel because they did not know who the entities were at the time they pleaded in various cases.

█ The answer as I see it is that the Yerington contract with Steve and Hudson was duly assigned with the approval of the Tribe to Jack Hudson of Nevada. The resolutions were clearly approved, and the Yerington Tribe had received the performance and has had the benefits of the perform-

ance of Jack Hudson of Nevada. No matter that the resolutions were signed by a non-officer. They were on notice who was going to perform the contract and that de facto corporation came into existence, and when it did, they estopped to deny the existence as what corporation is performing the contract; so, that the Yerington Tribe contract does not give me any problem at all.

The Reno contract is a problem. Jack Hudson of Nevada became an actual entity which Yerington and Reno dealt with. But there is no showing that either Tribe was prejudiced by the bank's financing of a Nevada corporation as opposed to a New Mexico corporation of the same name. Neither Reno nor Yerington deny the existence of Jack Hudson of Nevada, and their pleadings and counterclaims or demands bear upon dealings with Jack Hudson of Nevada. There is not one showing made that Jack Hudson of New Mexico had anything to do with the performance except the promotions.

I do not think the defendants are prejudiced because they hold funds, subject to the injunction of the Court, which may be easily retained if proof be made of damages or loss.

The record is replete with sloppy conduct of professionals and non-professionals, but that's what makes lawsuits.

There is no assignment of the Reno contract from New Mexico to Nevada.

■ The prohibitions against assignment in the HUD contracts are like prohibitions in any contracts, and they may be waived; and they certainly were waived by accepting all the benefits. The re-statement of Unjust Enrichment would show that they cannot blow hot and cold and now say that they didn't receive the benefits of the transactions from the bank and the Nevada corporation when HUD with its lawyers and the Tribe with its lawyers go through the way they did. They accepted the sloppy record and they are now estopped by their conduct and acceptance of the benefits.

■ The assignment from Steve and Hudson to Jack Hudson of Nevada is not explicit. It is misdated. The vice president was not the vice president, and the corporation was not in existence at the time. A lot of these things are cured by what actually happened. And equity will have done that which should be done.

Both the contracts were approved for assignment to First National Bank of Nevada, and when they did that, then the funds were used in the projects to be built. A Nevada corporation was formed (at the request of the bank) which did the performance, kept the records, and is the real party in interest under the Federal Rules of Civil Procedure.

There is no prejudice to the defendants, and additional parties may be brought in for complete relief, if necessary. There is plenty of opportunity under the Rules to get complete relief.

In my opinion, both the Tribes and HUD have been delinquent in not insisting upon precise and documented information before accepting the performance and paying money. Two payments to Jack Hudson, Inc. and the bank on the Reno case, and one payment on the Yerington to Jack Hudson in the other one. Thus, they are estopped by their action and conduct to deny the de facto existence of Jack Hudson of Nevada, which has now become de jure; they waived their position on the other. That they did deal with a corporation with officers in Reno, Nevada was a finding which they could have determined from First National Bank of Nevada which loaned that corporation money for the performance of their contracts.

Strict construction of these documents would result in more litigation and more frustration, more waste of time and more loss of money for both sides. We might establish that there was not precise and exact standing in Court, but the purpose of real party interest Rule is served if the defendants are not prejudiced and the rightful owner of the claim presents the matter and multiplicity of suits are avoided and the defendants are protected in every

respect. They will have their rights and counterclaims for damages heard and protected.

So, the defenses or motions or whatever you might call this, for the proper party that brought this issue from chambers to a determination here as to whether or not we are in Court with the right party—the motions or defenses, or whatever they are are dismissed.

The real party in interest as Plaintiff is before the Court.