In re **LEWIS CARPET MILLS, INC.,** Debtor,

**JOHN P. MAGUIRE & CO., INC.,** Plaintiff,

v.

**DAVID ROSENTHAL ASSOCIATES, INC.,** Defendant.

**Bankruptcy No. 81–00040R.**

**Adv. No. 81–0086R.**

United States Bankruptcy Court, N. D. Georgia, Rome Division.

Nov. 5, 1981.

Ezra H. Cohen, Atlanta, Ga., for plaintiff.

Howard W. Jones, Calhoun, Ga., for defendant.

## ORDER

HUGH ROBINSON, Jr., Bankruptcy Judge.

This is before us on Defendant David Rosenthal Associates, Inc.'s Motion to Dismiss Plaintiff's complaint.

John P. Maguire & Co., Inc. ("Maguire") entered into a factoring agreement with Lewis Carpet Mills, Inc., ("Lewis") by which it bought all of Lewis' accounts receivable and took a security interest in all future accounts receivable as well as in the proceeds thereof, the merchandise represented thereby, and various other rights (as more fully set out in the factoring agreement attached as exhibit "A" to Plaintiff John P. Maguire Co., Inc.'s complaint). Maguire has the right to charge back uncollected receivables against Lewis' account with them.

Maguire brought the present action in order to collect accounts receivable from Rosenthal. Rosenthal moves to dismiss based on lack of jurisdiction and that the proper party in interest did not bring the action.

## DISCUSSION

Maguire's complaint alleged that Rosenthal did business in Georgia. It is unnecessary to address the other possible bases of jurisdiction presented by Maguire, as this allegation will be considered true for purposes of this Motion to Dismiss. Therefore we cannot grant Rosenthal's motion on this ground.

We further find that Maguire's action will possibly affect the amount of its unsecured claim. To the extent Maguire may collect from Rosenthal, Maguire's unsecured claim will be reduced. Conversely, if Maguire is unsuccessful, it can charge back the receivables in question to Lewis' account with Maguire, and thereby increase its claim. We find this action to be related to the bankruptcy proceeding.

Based on the record presently before the Court, we determine that Maguire is the proper party to bring this action, and therefore we cannot grant Rosenthal's motion on this ground. For the foregoing reasons, it is

ORDERED that Rosenthal's Motion to Dismiss be and hereby is denied.