**In re LEWIS CARPET MILLS, INC., Debtor,**

**JOHN P. MAGUIRE & CO., INC., Plaintiff,**

v.

**RIBLET PRODUCTS CORPORATION, Defendant.**

**Bankruptcy No. 81–00040R.**

**Adv. No. 81–0254R.**

United States Bankruptcy Court, N. D. Georgia, Rome Division.

Nov. 6, 1981.

Ezra H. Cohen, Atlanta, Ga., for plaintiff.

William A. Thorne, Elkhart, Ind., C. King Askew, Rome, Ga., for defendants.

## ORDER

HUGH ROBINSON, Jr., Bankruptcy Judge.

This is before us on defendant Riblet Products Corporation's Motion to Abstain.

## FACTS

John P. Maguire & Co., Inc., ("Maguire") entered into a factoring agreement with Lewis Carpet Mills, Inc., ("Lewis") by which it brought all of Lewis' accounts receivable and took a security interest in all future accounts receivable as well as in the proceeds thereof, the merchandise represented thereby, and various other rights (as more fully set out in the factoring agreement

attached as exhibit "A" to Plaintiff John P. Maguire Co., Inc's. complaint). Maguire has the right to charge back uncollected receivables against Lewis' account with them.

Maguire brought the present action in order to collect accounts receivable from Riblet Products Corporation ("Riblet").

Riblet now moves the Court to abstain from hearing this case because "From the plaintiff's complaint it would appear that the debtor has no interest in these proceedings or any recovery which would be made by the plaintiff from the defendant herein and that said plaintiff may be making use of this Court for a purpose that is neither in the interest of the Debtor or its creditors." From Defendant's Memorandum of Law, filed on October 22, 1981 in the U.S. Bankruptcy Court.

This Court has considered another case questioning the relation of the collection efforts by Maguire in the bankruptcy court to the bankruptcy proceedings. That case, *Maguire v. Rosenthal,* 15 B.R. 172 (B.C. N.D.Ga., Robinson, B.J., 1981) is almost identical factually to the case at hand. Only the names and numbers are different. In that case we found that Maguire's collection efforts would be related to the bankruptcy proceedings in that the extent of its success would determine the amount of the unsecured claim it would file, because Maguire can charge back any uncollectible receivables to Lewis Carpet Mills' account with Maguire. See *Maguire v. Rosenthal, supra,* at page 173. We found this to be related to the bankruptcy proceeding, and so find in this case. Riblet suggests no other reason why this Court should abstain, and we find no other reason on the record of this case to support Riblet's motion. For these reasons, it is

ORDERED that the Motion to Abstain by Defendant Riblet Products Corporation be denied.