In re The NATIONAL SUGAR REFINING COMPANY, Debtor,

The NATIONAL SUGAR REFINING COMPANY and Bankers Trust Company, Plaintiffs,

v.

MA'S OLD FASHIONED ROOT BEER, Defendant.

Bankruptcy No. 81 B 11756 (EJR). Adv. No. 82–5672–A.

United States Bankruptcy Court, S.D. New York.

Oct. 20, 1982.

Moses & Singer, New York City, for plaintiff Bankers Trust Company.

Cullen & Dykman, Garden City, N.Y., for defendant.

Finley, Kumble, Wagner, Heine, Underberg & Casey, New York City, for debtor and plaintiff National Sugar Refining Co.

## DECISION ON MOTION TO DISMISS AND TO CHANGE VENUE

EDWARD J. RYAN, Bankruptcy Judge.

On May 13, 1982, debtor in possession, National Sugar Refining Company ("National") and its lender, co-plaintiff Bankers Trust Company (the "Bank"), jointly filed a summons and complaint against defendant, Ma's Old Fashioned Root Beer ("Old Fashioned"), seeking the assumption of two purported executory contracts and damages relating to the breach of said contracts. On June 3, 1982 defendant moved this court for an order dismissing the complaint in its entirety or, alternatively, dismissing it as to either one or the other of the plaintiffs, and transferring venue to the Middle District of Pennsylvania. For the reasons set forth below the motion is denied.

In January, 1980, National, a company engaged in the business of processing and marketing sugar products, entered into National Contract Nos. 3487 and 3489 (the "Contracts") with Old Fashioned, Old Fashioned thereby agreeing to order and accept delivery of 9,000 hundredweight of sugar at an approximate price of $38 per hundredweight. The Contracts called for delivery during the second and third quarters of 1981.

On September 3, 1981 (the "Filing Date"), National filed its petition for an arrangement under Chapter 11 of the Bankruptcy Code. Thereafter, National was continued in operation and control of its business as debtor in possession.

At the Filing Date, approximately 8,000 hundredweight of sugar remained to be ordered by Old Fashioned pursuant to the terms of the Contracts. Plaintiffs allege that Old Fashioned subsequently failed to honor its obligations under the Contracts, purchasing replacement sugar at a lower price on the spot market instead. Due to current market conditions, performance of the Contracts would result in a profit for National. Plaintiffs contend that defendant's failure to accept delivery of sugar at the prices specified in the Contracts consti-

tutes a repudiation and, therefore, gives rise to an action for damages.

National and the Bank, as a party whose loans of $23 million are secured by a security interest in and upon personal property of National, including National's contract rights, together commenced an adversary proceeding against Old Fashioned, seeking an order (1) authorizing National to assume the Contracts; and (2) granting judgment to the plaintiffs for lost profits arising from Old Fashioned's alleged repudiation of the Contracts.

Defendant, requesting full or partial dismissal and transfer, argues first, that the assumption of a purported executory contract is not the proper subject of an adversary proceeding pursuant to Rule 701 of the Bankruptcy Rules and Rule 7001 of the Interim Bankruptcy Rules; second, that either of the plaintiffs, but not both of them, may be a real party in interest and, therefore, one or the other of them must be dismissed; third, that the Bank may not proceed without a prior court order lifting the automatic stay pursuant to 11 U.S.C. § 362(d); and, lastly, that, since the alleged breach occurred after the Filing Date, 28 U.S.C. § 1473(d) fixes proper venue not in the Bankruptcy Court of the Southern District of New York, but rather in any court where the debtor could otherwise commence an action. Defendant concludes that the proper venue for this action lies in the Middle District of Pennsylvania.

We begin by reiterating the established rule that on a motion to dismiss, the record is to be read in the light most favorable to the party opposing the motion. See *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Budco, Inc. v. The Big Fights, Inc.,* 594 F.2d 900 (2d Cir. 1979). Defendant's arguments are not sufficiently compelling to overcome this presumption in favor of the plaintiffs.

■ In the case at bar, the plaintiffs seek to recover monetary damages, a purpose clearly appropriate for an adversary proceeding, as defined by Rule 701(a) of the Bankruptcy Rules. Neither 11 U.S.C. § 365, Rule 701, nor Rule 7001 of the Inter-

im Bankruptcy Rules and its accompanying notes, specifically preclude the debtor and its co-plaintiff from joining in an adversary proceeding seeking the assumption and enforcement of an executory contract. Moreover, defendant does not dispute that an adversary proceeding is well suited to the resolution of conflicting claims regarding issues of contractual validity and profitability.

■ Defendant, citing Rule 17(a) of the Federal Rules of Civil Procedure, asserts that only a real party in interest may be a plaintiff, and that if either plaintiff is found not to be the real party in interest, that plaintiff must be dismissed from the proceeding. Defendant's interpretation misconstrues the Rule. While Rule 17(a) mandates that a cause of action may not be prosecuted without joinder of the real party in interest, it does not require that all other plaintiffs be dismissed. On the contrary, the Rule, in its origin, was permissive in purpose and was designed to allow an assignee to sue in his own name; the Rule's modern function is simply to protect the defendant from subsequent action by the party actually entitled to recover, and to insure the *res judicata* effect of the judgment. *See* Notes of Advisory Committee on Rules, 1966 Amendment, Rule 17 Fed.R. Civ.P., 28 U.S.C.A. As was stated in *In re Jack Hudson,* 6 B.R. 153, at 155 (Bkrtcy.N. D.Nev.1980):

> "A study of [Rule 17(a)] shows that the real party in interest isn't always the party to the contract. The purpose is to prevent the prosecution of the action by persons who have no right, title or interest in the cause and to require the actual party for relief to prosecute the cause, to avoid multiplicity of litigation and to protect the defendant from the same demands and to avail the defendant of counter claims against the real party in interest, so that there will be full protection."

■ Both National and the Bank, as a creditor secured by potential profits accruing from the disputed Contracts, have suffi-

 

cient interest to justify their standing in such a proceeding. *See In re Lewis Carpet Mills, Inc.,* 15 B.R. 172 (Bkrtcy.N.D.Ga. 1981). The continued participation of both plaintiffs thus affords the defendant adequate protection against multiplicity of suits, as contemplated by Rule 17(a).

■ Defendant's contention that the Bank may not proceed as a co-plaintiff without first seeking an order lifting the automatic stay is, likewise, unfounded. While the automatic stay provisions of 11 U.S.C. § 362(a) normally apply to a creditor seeking recovery, in the instant case, the debtor in possession, a party not bound by the automatic stay, is co-plaintiff. That the Bank concurs in National's decision to prosecute this action in no way inhibits National from seeking the relief requested.

■ We come, finally, to defendant's contention that because this action is prosecuted by the debtor in possession subsequent to the Filing Date, the action is governed by the venue provisions of 28 U.S.C. § 1473(d).

Section 1473(d) provides that:

"A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought."

While defendant correctly maintains that the debtor in possession assumes the status of trustee, defendant overlooks the fact that the Contracts in question were entered into by National *prior* to the Filing Date. Where, as in the instant case, the claim arises out of the debtor's pre-petition operation of its business, the venue provisions of 28 U.S.C. § 1473(d) do not apply. *See In re Cox Cotton Co.,* 8 B.R. 682 (Bkrtcy.E.D.Ark. 1981); *In re G. Weeks Securities, Inc.,* 5 B.R. 220 (Bkrtcy.W.D.Tenn.1980); 1 *Collier on Bankruptcy,* ¶ 3.02 (15th ed. 1979). Venue, therefore, is properly laid in this court, pursuant to 28 U.S.C. § 1473(a). Since defendant does not move for transfer on the basis of *forum non conveniens* we need not address the heavy burden which it would otherwise have of establishing adequate grounds for transfer. Accordingly, defendant's motion to dismiss, wholly or in part, and to transfer venue, is denied.

Plaintiffs, contending that defendant's motion is frivolous and brought solely for the purpose of delaying the ultimate disposition of this adversary proceeding, request that the Court award plaintiffs their costs and attorneys' fees incurred in connection with this motion. The resolution of this question requires a full evidentiary hearing.

Settle an appropriate order.